DELBELLO DONNELLAN
WEINGARTEN WISE & WIEDERKEHR, LLP
Proposed Counsel for the Debtor
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby Arnold, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

SHIROKIA DEVELOPMENT LLC,                    Chapter 11
                                             Case No. 14-12341
                    Debtor.
-----------------------------------------------------------------X

**APPLICATION TO EMPLOY AND RETAIN DELBELLO DONNELLAN
WEINGARTEN WISE & WIEDERHEKR, LLP AS ATTORNEYS FOR THE
DEBTOR, NUNC PRO TUNC, AS OF THE FILING DATE**

**TO:    HONORABLE _____
        UNITED STATES BANKRUPTCY JUDGE**

The above-captioned debtor and debtor-in-possession, Shirokia Development LLC (the "Debtor") files this Application (the "Application") seeking entry of an order authorizing the Debtor's retention of DelBello, Donnellan, Weingarten, Wise & Wiederkehr, LLP ("DDWWW") as its attorneys. In support of its Application, the Debtor respectfully alleges as follows:

**Jurisdiction**

1.    This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory basis for relief requested herein is § 327(a) of title 11 of the United

1

States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (the "Bankruptcy Code") and Rules 2014(a) and 6003 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3. On August 12, 2014 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.  The Debtor has continued in possession of its property and the management of its financial affairs as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or statutory committee has been appointed.

4. The Debtor is the Sponsor and Selling Agent for a building known as Shirokia Tower, located at 142-28 38th Avenue, Flushing, NY 11354, consisting of 23 non-regulated residential units, 4 commercial units and 47 parking spaces. The Debtor is a single asset real estate business as defined in 11 U.S.C. §101(51B).

## Relief Requested

5. The Debtor seeks to retain DDWWW as its attorneys to file and prosecute its Chapter 11 case and all related matters, effective as of the Filing Date.  Accordingly, the Debtor requests entry of an order in substantially the form annexed hereto and pursuant to Bankruptcy Code § 327(a) and Bankruptcy Rule 2014(a) authorizing the Debtor to employ and retain DDWWW as its attorney to perform services necessary in the Chapter 11 case.

6. The professional services DDWWW will render to the Debtor include the following:

      a. To give advice to the Debtor with respect to its powers and duties as Debtor-in-Possession and the continued management of its property and

     affairs.

b. To negotiate with creditors of the Debtor and work out a plan of reorganization and take the necessary legal steps in order to effectuate such a plan including, if need be, negotiations with the creditors and other parties in interest.

c. To prepare the necessary answers, orders, reports and other legal papers required for the Debtor's protection from its creditors under Chapter 11 of the Bankruptcy Code.

d. To appear before the Bankruptcy Court to protect the interest of the Debtor and to represent the Debtor in all matters pending before the Court.

e. To attend meetings and negotiate with representatives of creditors and other parties in interest.

f. To advise the Debtor in connection with any potential refinancing of secured debt and any potential sale of the Debtor's assets.

g. To represent the Debtor in connection with obtaining post-petition financing, if necessary.

h. To take any necessary action to obtain approval of a disclosure statement and confirmation of a plan of reorganization.

i. To perform all other legal services for the Debtor which may be necessary for the preservation of the Debtor's estate and to promote the best interests of the Debtor, its creditors and the estate.

7. The Debtor has selected DDWWW for the reason that DDWWW's attorneys have had extensive experience representing debtors in proceedings before this Court and are well suited to represent the Debtor in the instant proceedings. DDWWW has been actively involved in many Chapter 11 cases and has represented many Chapter 11 debtors.

8. It is necessary for the Debtor to employ DDWWW for such professional services pursuant to § 327 of the Bankruptcy Code.

9. To the best of the Debtor's knowledge, DDWWW has no connection with the

creditors or any other party in interest or their attorneys, except that it represents the Debtor in these proceedings as stated in the annexed affidavit of Dawn Kirby, Esq. (the "Kirby Affidavit"), which is annexed hereto as **Exhibit "A"**.

10. Subject to Court approval, compensation will be paid to DDWWW for services provided on an hourly basis plus reimbursement of actual, necessary expenses incurred. DDWWW Bankruptcy Practice Group's 2014 hourly rates for matters related to these Chapter 11 proceedings are as follows:

| | |
|---|---|
| Attorneys | $375 to $550 |
| Paraprofessionals | $150.00 |

11. The hourly rates above are subject to periodic adjustment to reflect economic and other conditions. The hourly rates above are standard, if not below standard rates for work of this nature. These rates are designed to fairly compensate DDWWW for the work of its attorneys and paralegals and to cover fixed routine overhead expenses.

12. DDWWW received a pre-petition retainer payment from the Debtor in the amount of $12,572.50 on account of legal services and expenses in conjunction with the filing of this Chapter 11 case. None of the pre-petition retainer was paid towards or on account of any antecedent debt owed to DDWWW by the Debtor within the 11 U.S.C. § 547 period.

13. To the best of the Debtor's knowledge, DDWWW does not hold or represent any interest adverse to the Debtor's estate, DDWWW is a "disinterested person" as defined in Bankruptcy Code § 101(14), and DDWWW's employment is necessary and in the best interest of the Debtor and its estate.

14. DDWWW will be paid for the legal services rendered upon application duly filed with this Court pursuant to Bankruptcy Code § 330 and pursuant to the procedures established by

the Order Pursuant to 11 U.S.C. Sections 105(a) and 331 Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals as may be further entered by this Court.

15. The Debtor desires to employ DDWWW pursuant to Bankruptcy Code § 327 because of the extensive legal services, which are required and indeed are anticipated for a successful reorganization under Chapter 11 of the Bankrupty Code.

**WHEREFORE**, the Debtor prays for an Order of this Court authorizing it to employ and appoint DelBello, Donnellan, Weingarten, Wise & Wiederkehr, LLP to represent it in this proceeding under Chapter 11 of the Bankruptcy Code, <u>nunc pro tunc,</u> as of the Filing Date, together with such other and further relief as appears just to this Court, for all of which no previous application has been made.

Dated: White Plains, New York
       July 31, 2014

                            SHIROKIA DEVELOPMENT LLC

                            */s/ Hong Qin Jiang*
             By: _____
                          Hong Qin Jiang, Vice President

DELBELLO DONNELLAN
WEINGARTEN WISE & WIEDERKEHR, LLP
*Proposed Counsel for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby Arnold, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
In re:

SHIROKIA DEVELOPMENT LLC,                         Chapter 11
                                                  Case No. 14-12341
                        Debtor.
---------------------------------------------------------------X

**AFFIDAVIT OF DAWN KIRBY IN SUPPORT OF APPLICATION TO
EMPLOY AND RETAIN DELBELLO DONNELLAN WEINGARTEN WISE
& WIEDERHEKR, LLP AS ATTORNEYS FOR THE DEBTOR,
<u>NUNC PRO TUNC, AS OF THE FILING DATE</u>**

STATE OF NEW YORK         )
                          ) SS.:
COUNTY OF WESTCHESTER     )

DAWN KIRBY, being duly sworn, deposes and says:

1. I am an attorney duly admitted to practice before this Court and a partner of the firm DelBello, Donnellan, Weingarten, Wise & Wiederkehr, LLP ("<u>DDWWW</u>"), One North Lexington Ave., White Plains, NY 10601.

2. I submit this Affidavit in support of the Debtor's Application of Shirokia Development LLC ("the <u>Debtor</u>") to Employ and Retain DDWWW as Attorneys for the Debtor in connection with the above-captioned Chapter 11 case on the terms set forth in the accompanying Application.

3. Neither I, nor DDWWW or any attorney at DDWWW has any connection with

the Debtor, its creditors, or any other party in interest herein or their respective attorneys except as described below. Furthermore, neither I nor DDWWW or any attorney at DDWWW is a pre-petition creditor of the Debtor.

4. Based upon all of the foregoing, I respectfully submit that DDWWW does not hold nor represent any interest adverse to the Debtor herein or its estate, in the matters upon which they are to be engaged.

5. DDWWW shall make proper application to the Court for compensation for the services rendered to the Debtor in this proceeding pursuant to § 330 of the Bankruptcy Code and pursuant to the procedures established by the Order pursuant to 11 U.S.C. Sections 105(a) and 331, Establishing Procedures for Monthly Compensation and Reimbursement of Expenses of Professionals as may be further entered by this Court.

## Disinterestedness

6. To the best of my knowledge, the law firm of DDWWW is a disinterested person within the meaning of section 101(14) of the Bankruptcy Code in that its members and associates (a) are not creditors, equity security holders or insiders of the Debtor, (b) are not and were not within two years before the Filing Date a director, officer or employee of the Debtor, (c) do not have an interest materially adverse to the interest of the estate, or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

## Disclosure Procedures

7. In preparing this affidavit, I searched the following categories:

    a. Debtor;

      b.     Significant equity holders;

      c.     Current directors and officers;

      d.     Lenders and secured creditors;

      e.     Counterparties to leases;

      f.     Professionals; and

      g.     Unsecured Creditors.

10. The Debtor's property is in the control of a Receiver. I intend to request information from the Receiver regarding the above categories and will file a supplemental disclosure if necessary.

11. Upon review of the list, it is apparent that DDWWW does not hold or represent any interest that is adverse to the Debtor's estate and DDWWW is a disinterested person.

12. DDWWW is not aware of any past or present relationship that would disqualify DDWWW from representing the Debtor.

### **Billing Rates**

13. The Bankruptcy Practice Group's billing rates are as follows:

| | |
|---|---|
| Attorneys | $375 to $650 |
| Paraprofessionals | $150 |

14. DDWWW received a pre-petition retainer payment from the Debtor in the amount of $12,572.50 on account of legal services and expenses in conjunction with the filing of this Chapter 11 case.

15. This retainer shall be applied towards Chapter 11 fees and expenses, and is therefore not to be considered an "evergreen retainer" as such term is more commonly known.

**WHEREFORE**, your Affiant respectfully requests the entry of the pre-fixed order, together with such other and further relief as is proper.

*/s/ Dawn Kirby*
Dawn Kirby

Sworn to before me this
31st day of July, 2014

*/s/ Bryn A. Leonardo*
 Notary Public

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

SHIROKIA DEVELOPMENT LLC,                    Chapter 11
                                             Case No. 14-12341

                                               Debtor.
-------------------------------------------------------------------X

**ORDER AUTHORIZING AND APPROVING RETENTION OF RETAIN
DELBELLO DONNELLAN WEINGARTEN WISE & WIEDERHEKR, LLP AS
ATTORNEYS FOR DEBTOR AND DEBTOR-IN-POSSESSION
<u>NUNC PRO TUNC AS OF AUGUST 12, 2014</u>**

**UPON** the application of the above-captioned debtor and debtor-in possession (the "<u>Debtor</u>"), Shirokia Development LLC, requesting authority to employ and appoint DelBello, Donnellan, Weingarten, Wise & Wiederkehr, LLP ("<u>DDWWW</u>") as attorneys for the Debtor herein (the "<u>Application</u>"), and upon the affidavit of Dawn Kirby, Esq., and the Court being satisfied that DDWWW represents no interest adverse to the Debtor or its estate, is a disinterested person within the meaning of 11 U.S.C. Section 101(14), and that its employment is necessary and would be in the best interest of the estate, it is hereby

**ORDERED** that the Application is granted in its entirety; and it is further

**ORDERED** that pursuant to 11 U.S.C. Section 327(a), the Debtor is authorized to retain DDWWW as its attorneys in this case, <u>nunc pro tunc</u> to August 12, 2014; and it is further

**ORDERED**, that DDWWW shall be compensated in accordance with and will file interim and final fee applications for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals

in the Southern District of New York, dated January 29, 2013, and the Amended United States Trustee Fee Guidelines; and it is further

**ORDERED,** that DDWWW shall apply any remaining amounts of its prepetition retainer as a credit toward postpetition fees and expenses, after such postpetition fees and expenses are approved pursuant to the first Order of the Court awarding fees and expenses to DDWWW; and it is further

**ORDERED,** that prior to any increases in DDWWW rates for any individual retained by DDWWW and providing services in these cases, DDWWW shall file a supplemental affidavit with the Court and provide ten (10) business days' notice to the Debtors, the United States Trustee and any official committee.  The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the Debtors have consented to the rate increase.  The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

Dated: White Plains, New York
       August ____, 2014

                                    _____
                                    HONORABLE
                                    UNITED STATES BANKRUPTCY JUDGE

NO OBJECTION:
OFFICE OF THE UNITED STATES TRUSTEE


_____
By: _____ Esq.
Dated: August ___, 2014