DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Proposed Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                                      Chapter 11

SHIROKIA DEVELOPMENT LLC,        Case No. 14-44373 (NHL)

                      Debtor.
-------------------------------------------------------------X

## DECLARATION OF HONG QIN JIANG
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

HONG QIN JIANG, declares under penalties of perjury:

1.     I am the Vice President of Shirokia Development LLC, the above-referenced debtor and debtor-in-possession (the "Debtor") as well as a 49% equity holder in the Debtor. As such, I am familiar with the Debtor's operations, businesses and financial affairs.

2.     I submit this declaration pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-4 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York.

### BACKGROUND

1.     The Debtor is the Sponsor and Selling Agent for a building known as Shirokia Tower, located at 142-28 38th Avenue, Flushing, NY 11354, consisting of 23 non-regulated residential units, 4 commercial units and 47 parking spaces.

2.     The Debtor is a single assets real estate business as defined in 11 U.S.C. §101(51B).

3.     During the bad economy, it was difficult to collect the rents for the building. The

Debtor fell behind in its mortgage payments, and a foreclosure action was commenced. A Receiver was appointed.

4. I am in discussions with several lenders who are interested in re-financing the property as a "package" with another building located at 142-21/27 37th Avenue, Flushing, NY 11354, consisting of 11 non-regulated residential units, 4 commercial units and 29 parking spaces. That building is owned by Golden Land, LLC ("Golden Land")[1], which has the same shareholders as the Debtor.

5. I believe the "as-is" fair market value of the Property is over $14 million, and the value after doing some work to clear deficiencies is in excess of $28 million based on an appraisal report produced by KTR Real Estate Advisors in December 2013.

6. By this Chapter 11 filing, the Debtor hopes to complete the re-finance process, or in the alternative the marketing and sale process in a reasonable amount of time to maximize the value of the Property for all of its creditors, secured and unsecured alike.

## INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007-2

7. In addition to the foregoing, Local Bankruptcy Rule 1007-4 requires certain information related to the Debtors, which is set forth below.

**Local Rule 1007-4(a)(i)**

8. The Debtor is not a small business debtor within the meaning of 11 U.S.C. §101(51D).

**Local Rule 1007-4(a)(ii)**

3. The Debtor owns and operates Shirokia Tower, located at 142-28 38th Avenue, Flushing, NY 11354, consisting of 23 non-regulated residential units, 4 commercial units and 47 parking spaces.

---

[1] Golden Land filed a Chapter 11 petition with this Court on May 8, 2014, Chapter 11 Case No. 14-42315 (NHL). Golden Land initially retained an attorney who did not file required documents or appear at court hearings. Golden Land is seeking to retain the DelBello Donnellan firm in its Chapter 11 case.

4. The Debtor fell behind on its mortgage payments in the bad economy, a foreclosure was commenced and a Receiver installed. The Debtor commenced this proceeding to have time to refinance or auction the property.

**Local Rule 1007-4(a)(iii) and (iv)**

9. This case was not originally commenced under Chapter 7 or 13 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Upon information and belief, no committee or professionals were employed prior to the filing of the Order for relief.

**Local Rule 1007-4(a)(v)**

10. A list of the holders of the 20 largest general unsecured claims cannot be ascertained at this time because the information is in the possession of the Receiver. Debtor's proposed counsel has been in communication with counsel for the secured creditor, who is endeavoring to obtain information from the Receiver so that the 20 largest unsecured creditors can be determined.

**Local Rule 1007-4(a)(vi)**

11. The Debtor's only known secured creditor is 38th Avenue Realty LLC, although for the reasons stated above, the Receiver may be in possession of additional information unknown to the Debtor.

**Local Rule 1007-4(a)(vii)**

12. A summary of the Debtor's assets and liabilities, to the extent the Debtor is aware of same without gathering additional information from the Receiver is as follows: Assets: real property as described herein $28,000,000   Liabilities: first mortgage on property $12,000,000.

**Local Rule 1007-4(a)(viii)**

13. There are no publicly held securities of the Debtor.

**Local Rule 1007-4(a)(ix)**

14. The Debtor's real property is in possession of a Receiver.

**Local Rule 1007-4(a)(x) and (xi)**

15. The Debtor's real property and the location of its principal assets is 142-28 38th Avenue, Flushing, NY 11354.

**Local Rule 1007-4(a)(xii)**

16. There is a foreclosure action pending against the Debtor, *38th Avenue Realty LLC v. Shirokia Development LLC, et al.*, Supreme Court, Queens County, Index No. 4019/2011.

17. There may be additional actions pending against the Debtor, but that information is in possession of the Receiver. As stated above, the Debtor intends to obtain that information and report it in the Schedules and Statement of Financial Affairs.

**Local Rule 1007-4(a)(xiii)**

18. The Debtor's senior management consists of Hong Qui Jiang, Vice President.

**Local Rule 1007-4(a)(xiv) and (xv)**

19. The Debtor's estimated payroll to employees for the thirty (30) day period following the Chapter 11 petition is unknown because the information is in possession of the Receiver.

20. The Debtor's estimated payroll to officers and directors for the thirty (30) day period following the Chapter 11 petition is zero.

**Local Rule 1007-4(xvi)**

21. A 30-day budget is unknown to the Debtor, but the information will be obtained from the Receiver.

22. Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated:  Flushing, New York
       September 3, 2014                 */s/ Hong Qin Jiang*

                                            HONG QIN JIANG