UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
In Re:                                                                          Chapter 11

   SHIROKIA DEVELOPMENT, LLC.,                       Case No.: 14-44373 NHL

**APPLICATION PURSUANT TO
11 U.S.C. SECTION 362(d)(1),
362(d)(2) AND 362(d)(3)**

                                 Debtor.
----------------------------------------------------------X

TO THE HONORABLE NANCY HERSHEY LORD, UNITED STATES BANKRUPTCY JUDGE:

        The application (the "Application") of 38TH AVENUE REALTY LLC., the Secured Creditor (the "Secured Creditor") respectfully represents.

        1.  On August 8, 2014, SHIROKIA DEVELOPMENT, LLC., the Debtor in Possession ("the Debtor") filed a petition (the "Petition"), pursuant to Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Southern District of New York.  The filing of the Petition constituted an order for relief which remains in full force and effect.

        2.  The filing of the Petition also constituted an automatic stay of the foreclosure proceeding styled: 38TH AVENUE REALTY LLC., a New York Limited Liability Company, Plaintiff against SHIROKIA DEVELOPMENT, LLC., THE BOARD OF MANAGERS OF THE SHIROKIA TOWER CONDOMINIUM c/o SHIROKIA DEVELOPMENT, LLC., UNITED INTERNATIONAL BANK, XI LIANG LIU, Defendants, pending in the Supreme Court of the State of New York, County of Queens, under Index Number 4019/11 (the "Foreclosure Proceeding").

        3.  Dates were set for the Initial Case Conference and the Meeting of Creditors held pursuant to 11 U.S.C. Section 341(a) (the "341 Meeting").

4. As the bankruptcy case was filed in an incorrect District, Debtor's counsel made a motion to transfer venue to this District, the correct District. An order was made and entered on August 19, 2014 transferring venue from the United States Bankruptcy Court ("USBC"), Southern District of New York to the USBC, Eastern District of New York. As a result, a Status Conference is now scheduled for October 28, 2014 at 3:00 P.M.,. but will be adjourned to November 5, 2014 at 2:00 P.M.. The Meeting of Creditors, held pursuant to 11 U.S.C. Section 341, was scheduled for October 10, 2014 at 10:00 A.M.. It was held and adjourned <u>sine die</u> on October 17, 2014, pending receipt of information by the United States Trustee.

5. The Application is made pursuant to the provisions of 11 U.S.C. Sections 362(d)(1), 362(d)(2) and 362(d)(3), Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and E.D.N.Y. LBR 4001-1(a) of the Local Rules of the United States Bankruptcy Court, Eastern District of New York (the "Local Rules"), for an order vacating the automatic stay, for cause, to permit the Secured Creditor, to proceed to Sale in the Foreclosure Proceeding (the "Motion"), together with such other and further relief as to this Court seems just and proper.

6. 11 U.S.C. Sections 362(d)(1)(2) & (3) provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
>> (1) for cause, including the lack if adequate protection of an interest  in property of such party in interest;
>>
>> (2) with respect to a stay of an act against property under subsection (a) of this section, if—
>> (A) the debtor does not have an equity in such property; and

>> (B) such property is not necessary to an effective reorganization;
>
> (3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—
> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
> (B) the debtor has commenced monthly payments that—
>> (i) may, in the debtor's sole discretion, notwithstanding section 363 (c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
>> (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate; or

7. Bankruptcy Rule 4001(a) provides:

**Rule 4001(a)**

**RELIEF FROM AUTOMATIC STAY; PROHIBITING OR CONDITIONING THE USE, SALE, OR LEASE OF PROPERTY; USE OF CASH COLLATERAL; OBTAINING CREDIT; AGREEMENTS**

(a)  *Relief from stay; Prohibiting or Continuing the Use, Sale, or Lease of Property*

> (1)  *Motion*.  A motion for relief from an automatic stay provided by the Code or a motion to prohibit or condition the use, sale or lease of property pursuant to § 363(e) shall be

> made in accordance with Rule 9014 and shall be served on any committee elected pursuant to § 705 or appointed pursuant to § 1102 of the Code or its authorized agent, or, if the case is a chapter 9 municipality case or a chapter 11 reorganization case and no committee of unsecured creditors has been appointed pursuant to § 1102, on the creditors included on the list filed pursuant to Rule 1007(d), and on such other entities as the court may direct.
>
> (2) *Ex Parte Relief.* Relief from a stay under § 362(a) or a request to prohibit or condition the use, sale, or lease of property pursuant to § 363(e) may be granted without prior notice only if (A) it clearly appears from specific facts shown by affidavit or by a verified motion that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party or the attorney for the adverse party can be heard in opposition, and (B) the movant's attorney certifies to the court in writing the efforts, if any, which have been made to give notice and the reasons why notice should not be required. The party obtaining relief under this subdivision and § 362(f) or § 363(e) shall immediately give oral notice thereof to the trustee or debtor in possession and to the debtor and forthwith mail or otherwise transmit to such adverse party or parties a copy of the order granting relief. On two days notice to the party who obtained relief from the stay without notice or on shorter notice to that party as the court may prescribe, the adverse party may appear and move reinstatement of the stay or reconsideration of the order prohibiting or conditioning the use, sale, or lease of property. In that event, the court shall proceed expeditiously to hear and determine the motion.
> (3) *Stay of Order.* An order granting a motion for relief from an automatic stay made in accordance with Rule 4001(a)(1) is stayed until the expiration of 14 days after the entry of the order, unless the court orders otherwise.

8. E.D.N.Y. LBR 4001-1(a) provides:

**Rule 4001-1(a) RELIEF FROM AUTOMATIC STAY**

(a) By Motion.

If a motion for relief from the automatic stay under Bankruptcy Code § 362 is made returnable more than 30 days after the date filed, the movant shall be deemed to have consented to the continuation of the automatic stay through the hearing date.

## RELIEF REQUESTED

## RELIEF FROM THE AUTOMATIC STAY

9. The Secured Creditor seeks relief from the automatic stay imposed by the filing of the Petition pursuant to 11 U.S.C. Sections 362(d)(1), (d)(2) and (d)(3) to permit it to proceed with the Foreclosure Proceeding to Sale together with such other and further relief as to this Court seems just and proper.

10. The annexed Declaration of JOHN NG, a member of the Secured Creditor, dated October 22, 2014, sets forth in detail the undisputed facts submitted in support of the Motion.

11. The Secured Creditor believes that "cause" for the relief sought has been demonstrated.

12. No prior application has been made for this or similar relief.

**WHEREFORE,** the Secured Creditor respectfully prays that this Court made and enter an order vacating the automatic stay, for cause, to permit it to proceed with the Foreclosure Proceeding to Sale, together with such other and further relief as to this Court seems just and proper.

Date:  New York, New York
       October 23, 2014

by: */s/ Lee Hymowitz*_____
     LEE HYMOWITZ,
     Vice President of Business Affairs

*/s/ James P. Pagano*_____
JAMES P. PAGANO, ESQ. (JPP-3447)
Attorney for 38TH AVENUE REALTY, LLC.
The Secured Creditor
277 Broadway, Suite 801
New York, New York 10007
(212) 732-4740