UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In Re:                                                                          Chapter 11

    SHIROKIA DEVELOPMENT, LLC.,                  Case No.: 14-44373 NHL

**DECLARATION OF JOHN NG**_____

                      Debtor.
---------------------------------------------------------X

        The Declaration of JOHN NG does hereby represent:

        1. I am the Managing Member of 38TH AVENUE REALTY LLC., the Secured Creditor (the "Secured Creditor"). I have been the Managing Member of the Secured Creditor since June, 2011.

        2. The Secured Creditor maintains an office for doing business at 900 Leesville Avenue, Rahway, New Jersey 07065.

        3. I submit this Declaration in support of the motion of the Secured Creditor to vacate the automatic stay imposed by 11 U.S.C. Section 362(a), for cause, to permit the Secured Creditor to continue with the foreclosure proceeding in the proceeding styled 38TH AVENUE REALTY LLC., a New York Limited Liability Company, Plaintiff against SHIROKIA DEVELOPMENT, LLC., THE BOARD OF MANAGERS OF THE SHIROKIA TOWER CONDOMINIUM c/o SHIROKIA DEVELOPMENT, LLC., UNITED INTERNATIONAL BANK, XI LIANG LIU, Defendants, pending in the Supreme Court of the State of New York, County of Queens, under Index Number 4019/11 (the "Foreclosure Proceeding") for the purposes of allowing the Foreclosure Proceeding to proceed to Sale (the "Motion"), together with such other and further relief as to this Court seems just and proper.

4. I make this Declaration based upon actual knowledge of the facts, except in those instances in which information and belief is alleged.

## STATEMENT OF FACTS

5. I hereby adopt the facts contained in the annexed APPLICATION PURSUANT TO 11 U.S.C. SECTIONS 362(d)(1), 362(d)(2) AND 362(d)(3) (the "Application") as if the facts had been set forth at length again herein.

6. On May 18, 2005 SHIROKIA DEVELOPMENT, LLC., the Debtor (the "Debtor") acquired non residential vacant land known as 142-28 38th Avenue, Flushing, New York 11354 (Block 5020, Lot 21) (the "Premises") for the sum of $3,780,000.00.

7. In connection with the purchase of the Premises, the Debtor borrowed the sum of $11,700,000.00 from CATHAY BANK (the "Lender") as evidenced by two (2) mortgages totaling that amount filed against the Premises. Copies of proof of recording of the mortgages are annexed hereto, made a part hereof and marked as Exhibit "A".

8. The Debtor developed the Premises to contain: (a) four (4) commercial condominium units, (b) twenty three (23) residential condominium units and (c) forty seven (47) parking spaces. An Offering Plan was filed with the NYLS Department of Law to convert the Premises to Condominium Ownership. The Offering Plan was accepted for filing on August 22, 2008. However, the Debtor has never sold any of the Condominium Units.

9. The Premises now consist of: (a) four (4) commercial condominium units, (b) twenty three (23) residential condominium units and (c) forty seven (47) parking spaces.

10. There came a time when the Debtor defaulted in its payments to the Lender and the Lender commenced a foreclosure proceeding in the Supreme Court of the State of New York, County of Queens under Index Number 4019/2011 styled: 38TH AVENUE REALTY, LLC., a New York Limited Liability Company, Plaintiff, - against – SHIROKIA DEVELOPMENT LLC., THE BOARD OF MANAGERS OF THE SHIROKIA TOWER CONDOMINIUM c/o SHIROKIA DEVELOPMENT LLC, UNITED INTERNATIONAL BANK, XI LIANG LIU, Defendants (the "Foreclosure Proceeding") (Block 5020, Lot 1201-1274 (inclusive) f/k/a Lot 21)[1].

11. On or about June 30, 2011, 38TH AVENUE REALTY LLC., the Secured Creditor, took an assignment of the mortgage notes and mortgages, as well as the Foreclosure Proceeding from the Lender. The Assignments were duly recorded on July 13, 2011 (Exhibit "B").

12. The Secured Creditor prosecuted the Foreclosure Proceeding to conclusion and on July 28, 2014 obtained a Judgment of Foreclosure and Sale, which was recorded on August 6, 2014 (Exhibit "C"). The amount then due to the Secured Creditor as per the loan documents was $15,456,373.38 with interest at eleven (11%) percent per annum from that date.

13. The instant petition (the "Petition") pursuant to Chapter 11 of the Bankruptcy Code was filed on August 13, 2014 in the United States Bankruptcy Court, Southern District of New York. Pursuant to 11 U.S.C. Section 362, the filing of the Petition operated as an automatic stay of the Foreclosure Proceeding.

---

[1] Although the Lot was originally number 21, upon the conversion to condominium ownership, separate lots were assigned to each condominium unit.

14. As set forth in the Application, the Petition was filed in an incorrect District, to wit, the United States Bankruptcy Court, Southern District of New York. Subsequently by order of the HON. MARTIN GLENN, United States Bankruptcy Court, Southern District of New York dated August 20, 2014, the Chapter 11 Proceeding was transferred to the United States Bankruptcy Court, Eastern District of New York, the proper district.

15. As a result of heavy rains and a defective roof, there was damage to the Premises in January, 2012. In addition, in February, 2013, the Premises suffered extensive damage which renders it uninhabitable because flooding occurred from a broken sprinkler line. The Premises has been damaged, unoccupied and non-income producing since March, 2014. The Secured Creditor obtained an estimate (the "Estimate") from MASTER YAN CONSTRUCTION CORP. to make the repairs necessary to restore the Premises back to where it could again be occupied and income producing. The Estimate, dated on or about June, 2014, is in the amount of $1,477,490.55 (Exhibit "D"). Extensive repairs to the roof, exterior walls and foundation need to be made. Approximately 15 residential units need extensive repairs from water damage and mold remediation. All three commercial units need complete rehabilitation.

16. As at the date of the filing of the Petition as per the loan documents, the Secured Creditor is owed the sum of $16,797,590.32 with interest accruing thereon from the date of Judgment at a rate of eleven (11%) percent per annum. As such, interest is accruing at a rate of $3,575.00 per diem or $107,250.00 per month in a thirty (30) day month. The Secured Creditor has filed a Proof of Claim (the "Pre Petition POC"), ECF Claim Number 1 in that amount (Exhibit "E").

17. Subsequent to the filing of the Petition as per the loan documents, the Secured Creditor is owed the sum of $202, 231.25 with interest accruing thereon from that date at a rate of eleven (11%) percent per annum through October 6, 2014. As such, interest is accruing at a rate of $3,575.00 per diem or $107,250.00 per month in a thirty (30) day month. The Secured Creditor has a filed Proof of Claim (the "Post Petition POC"), ECF Claim Number 2 in that amount (Exhibit "F").

18. On Schedule A of the Petition, it is alleged that the Premises is worth $28,400,000.00. The Secured Creditor vigorously disputes this valuation.

19. Attached hereto, made a part hereof and marked as Exhibit "G" is an Appraisal Report, dated September 29, 2014, by PERRY E. BERGER that states that the value of the Premises as at August 22, 2014 is $15,400,000.00 (the "Appraisal").

20. In addition to the amounts set forth in the Pre Petition POC, to wit:

| | |
|---|---|
| Legal Fees | $179,960.43 |
| Appraisal Fees | $ 13,350.00 |
| Insurance Coverage | $ 46,789.26 |

the Secured Creditor incurs and continues to incur out of pocket expenses, to wit:

| | |
|---|---|
| Legal Fees | $ 8,019.00 |
| Appraisal Fees | $ 3,000.00 |
| Insurance Coverage | $11,019.00 |

21. In addition, the Debtor owes real estate taxes as follows:

| | |
|---|---|
| Due Through Present Tax Period: | $248,206.45 |
| Due by October 1, 2014: | $200,445.19 |
| TOTAL: | $448,651.64 |

22. CRAIG ZINN, ESQ. was appointed as Receiver in the Foreclosure Proceeding (the "Receiver"). To the best of my knowledge, he has no money in his bank account attributable to the Foreclosure Proceeding (the "Receiver's Bank Account").

23. Because the Premises is unoccupied and uninhabitable, the Debtor is generating no income from the Premises. Neither the Lender, nor Secured Creditor, has been paid since November 15, 2010. The Secured Creditor is incurring and continues to incur out of pocket expenses.

## RELIEF REQUESTED

24. For the reasons set forth herein, the automatic stay imposed by 11 U.S.C. Section 362(a) should be vacated to allow the Foreclosure Proceeding to proceed to Sale, and for such other and further relief as to this Court seems just and proper.

## 11 U.S.C. SECTION 362(d)(1)

25.   11 U.S.C. Section 362(d)(1) provides for relief from the automatic stay:

"(1)  for cause, including the lack of adequate protection of
    an interest in property of such party in interest;".

## 11 U.S.C. SECTION 361

26. "Adequate Protection" is defined in 11 U.S.C. Section 361, which provides:

**"§ 361  Adequate protection**
When adequate protection is required under
section 362, 363, or 364 of this title of an interest of an
entity in property, such adequate protection may be
provided by—

(1) requiring the trustee to make a cash payment or
periodic cash payments to such entity, to the extent that
the stay under section 362 of this title, use, sale, or lease
under section 363 of this title, or any grant of a lien
under section 364 of this title results in a decrease in the
value of such entity's interest in such property;

(2) providing to such entity an additional or
replacement lien to the extent that such stay, use, sale,
lease, or grant results in a decrease in the value of such
entity's interest in such property; or

> (3) granting such other relief, other than entitling such
> entity to compensation allowable under
> section 503 (b)(1) of this title as an administrative
> expense, as will result in the realization by such entity
> of the indubitable equivalent of such entity's interest in
> such property."

27. While discussed, no offer of "cash payment or periodic cash payments" (11 U.S.C. Section 361(1)) or "an additional or replacement lien" (11 U.S.C. Section 361(2)) has been forthcoming from the Debtor. Because the Premises is not income producing, upon information and belief, neither is possible.

28. To the best of my knowledge, there is no money in the Receiver's Bank Account.

## 11 U.S.C. SECTION 362(d)(2)

29. 11 U.S.C. Section 362(d)(2) provides for relief from the automatic stay:

> "(2) with respect to a stay of an act against property
> subsection (a) of this section, if –
> (A) the debtor does not have an equity in such
> property; and
> (B) such property is not necessary to an effective
> reorganization;"

30. As evidenced by the Pre Petition POC, prior to the filing of the Petition as per the loan documents, the Secured Creditor is owed the sum of $16,797,590.32, plus interest at eleven (11%) percent per annum.

31. As evidenced by the Post Petition POC, post petition, as per the loan documents, the Secured Creditor is owed the sum of $202,231.25, plus interest at eleven (11%) percent per annum.

32. Pursuant to Rule 3001 of the Federal Rules of Bankruptcy Procedure:

> (f) Evidentiary Effect. A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.

33. As per the Appraisal, the value of the Premises is $15,400,000.00 in its present condition, damaged and uninhabitable.

34. The Secured Creditor is owed:

| | |
|---|---|
| Pre Petition | $16,797,590.32 |
| Post Petition | $    202,231.25 |
| TOTAL | $16,999,821.57 |

including out of pocket expenses (Paragraph 20). In addition, real estate taxes in excess of $448,651.64 are past due.

35. The indisputable conclusion is that the Debtor has no equity in the Premises (11U.S.C. Section 362(d)(2)(A)).

36. For property to be necessary for an effective reorganization, there must be a reasonable possibility of a successful reorganization within a reasonable time. UNITED SAVINGS ASS'N OF TEXAS v. TIMBERS OF INWOOD FOREST ASSOCS, LTD., 484 U.S. 365, 108 S. Ct. 626, 98 L. Ed. 2d 740, 17 C.B.C.2d 1368 (1988).

37. Approximately eight (8) previous efforts by the Debtor pre-petition to re-finance have not borne fruit.

38. The indisputable conclusion is that the Premises is not necessary to an effective reorganization because it does not appear from the facts herein that there is a reasonable possibility of a successful reorganization within a reasonable time. (11 U.S.C. Section 362(d)(2)(B))

## 11 U.S.C. SECTION 362(d)(3)

39. 11 U.S.C. Section 362(d)(3) provides:

> "(3) with respect to a stay of an act against single asset real estate under subsection (a), by a creditor whose claim is secured by an interest in such real estate, unless, not later than the date that is 90 days after the entry of the order for relief (or such later date as the court may determine for cause by order entered within that 90-day period) or 30 days after the court determines that the debtor is subject to this paragraph, whichever is later—
> (A) the debtor has filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or
> (B) the debtor has commenced monthly payments that—
>   (i) may, in the debtor's sole discretion, notwithstanding section 363 (c)(2), be made from rents or other income generated before, on, or after the date of the commencement of the case by or from the property to each creditor whose claim is secured by such real estate (other than a claim secured by a judgment lien or by an unmatured statutory lien); and
>   (ii) are in an amount equal to interest at the then applicable nondefault contract rate of interest on the value of the creditor's interest in the real estate; or"

40. 11 U.S.C. Section 101(51B) defines a "single asset real estate" as:

> "(51B) The term "single asset real estate" means real property constituting a single property or project, other than residential real property with fewer than 4 residential units, which generates substantially all of the gross income of a debtor who is not a family farmer and on which no substantial business is being conducted by a debtor other than the business of operating the real property and activities incidental thereto."

The Debtor filed this case as a "single asset real estate" case.

41. Ninety (90) days from the order for relief, i.e., the date of the filing of the Petition, August 12, 2014, is November 10, 2014.

9

42. While ninety (90) days from the order from relief during which the Debtor would have to file a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time, as has been demonstrated herein, it is respectfully submitted in paragraphs 29 through 38 above that it does not appear that from the facts herein that there is a reasonable possibility of a successfully reorganization within a reasonable time (11 U.S.C. Section 362(d)(3)(A).

43. The Debtor has not commenced monthly payments because the Premises is damaged, unoccupied and non-income producing (11 U.S.C. Section 362(d)(3)(B).

44. Based upon the foregoing, I believe, that "cause", for the relief sought has been demonstrated.

45. I make this Declaration under penalty of perjury.

Dated:   Rahway, New Jersey
            October 23, 2014

                                               */s/ John Ng*_____
                                               JOHN NG
                                               Managing Member