DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDEKEHR, LLP
*Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                                    Chapter 11
                                                          Case No. 14-44373 (NHL)

SHIROKIA DEVELOPMENT LLC,

                                    Debtor.
-------------------------------------------------------------X

## SECOND AMENDED CHAPTER 11 PLAN OF REORGANIZATION

Shirokia Development LLC (the "Debtor") hereby proposes the following Second

Amended Chapter 11 Plan of Reorganization pursuant to the provisions of Title 11 of

Chapter 11 of the United States Code.

## ARTICLE I
## DEFINITIONS

For the purposes of this Second Amended Plan, and the Second Amended

Disclosure Statement simultaneously filed by the Debtor, the following terms shall have

the respective meanings set forth below (such meanings to be equally applicable to the

singular and plural forms of the terms defined, unless the context otherwise requires):

1.1     "38 AR" shall mean 38th Avenue Realty, LLC, the Debtor's secured

creditor.

1.2     "38 AR Allowed Secured Claim" shall mean the Secured Claim of 38 AR

in an Allowed amount of $16,797,590.32 as of the Petition Date, plus accrued per diem

interest at 9% per annum from and after the Petition Date until paid, plus its costs and reasonable attorneys' fees, which Claim is secured by two mortgage liens on and against the Property and all revenue and proceeds derived therefrom and substantially all of the Debtor's assets.

1.3      "Administrative Claims" shall mean all costs and expenses of administration of the chapter 11 case Allowed under Sections 503(b) or 330(a) of the Code and that are entitled to priority under Section 507(a)(2) of the Code.

1.4      "Allowed" shall mean that portion of a Claim or Interest that, (i) has been timely filed with the Bankruptcy Court and is liquidated in amount and has not been objected to; (ii) has been listed by the Debtor in the Schedules as being neither contingent, unliquidated nor disputed; or (iii) has been allowed by a Final Order of the Bankruptcy Court.

1.5      "Bankruptcy Court" shall mean the United States Bankruptcy Court for the Eastern District of New York, Brooklyn Division.

1.6      "Bid Procedures" means those procedures approved by the Bankruptcy Court in the Disclosure Statement Approval Order which will govern the conduct of the Auction, the qualification of bidders to bid at the Auction and other matters related thereto, as more specifically set forth in the Disclosure Statement Approval Order and as summarized in Section 4.3 hereof.

1.7      "Broker" shall mean any duly licensed professional real estate broker, engaged by the Debtor.

1.8      "Claim" is defined in Section 101(5) of the Code, and shall include, without limitation, any claims of whatsoever type or description against the Debtor, any claim for

pre-petition interest, post-petition interest or contingent interest, any claim against the Debtor arising out of the rejection of executory contracts, any claim against the Debtor arising from the recovery of property under Sections 550 and 553 of the Code and any claim against the Debtor that does not arise until after the commencement of the chapter 11 case for a tax entitled to priority under Section 507(a) of the Code.

1.9      "Closing" shall mean the closing of the sale of the Property, whether such buyer is procured through a Sale Contract or auction.

1.10     "Code" shall mean the Bankruptcy Code, Title 11 U.S.C. Section 101 <u>et</u>. <u>seq</u>. as amended from time to time and applicable to this case.

1.11     "Confirmation Date" shall mean the date upon which the Confirmation Order is entered by the Bankruptcy Court.

1.12     "Confirmation Order" shall mean the order of the Bankruptcy Court pursuant to Section 1129 of the Code confirming the Plan.

1.13     "Credit Bid" shall mean the rights of 38 AR under § 363(k) of the Code, to bid all or a portion of its Allowed Secured Claim at the auction to be conducted pursuant to Articles III and IV of the Plan.

1.14     "Debtor" shall mean Shirokia Development LLC.

1.15     "Disbursing Agent" shall mean DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, who shall act in such capacity in order to effectuate the payment of distributions under the Plan.

1.16     "Disclosure Statement" means the Second Amended Disclosure Statement for the Plan, including all exhibits, attachments or amendments thereto, approved by Final Order of the Bankruptcy Court as containing "adequate information" within the

meaning of Section 1125 of the Bankruptcy Code.

1.17    "Disclosure Statement Approval Order" means the order approving the Disclosure Statement, which shall include the approved Bid Procedures.

1.18    "Disputed" shall mean a Claim or Interest, or any portion of a Claim or Interest, that is not Allowed.

1.19    "Distribution Fund" shall mean the net proceeds of sale of the Debtor's Property.

1.20    "Effective Date" shall mean the date upon which the Confirmation Order becomes a Final Order.

1.21    "Final Order" shall mean an order or judgment which has not been stayed and as to which order or judgment the time to appeal or seek review or rehearing has expired and as to which no appeal, petition for review or rehearing is pending or in the case of an appeal, any such appeal or petition for review, rehearing or certiorari has been dismissed.

1.22    "Interest" shall mean the rights of the members of the Debtor.

1.23    "Petition Date" shall mean August 12, 2014.

1.24    "Plan" shall mean this Second Amended Chapter 11 Plan of Reorganization and any amendments hereto or modifications hereof made in accordance with the provisions of the Code.

1.25    "Priority Claim" shall mean a Claim, other than an Administrative Claim, that is entitled to priority under Section 507 of the Code.

1.26    "Property" shall mean the certain real property located at 142-28 38th Avenue, Flushing, New York 11354 consisting of 4 commercial condominium units, 47 parking spaces and 23 residential condominium units contained in the building known as

the Shirokia Tower.

1.27    "Qualified Bidder" means 38 AR and any other Entity which meets the criteria, as set forth in the Bidding Procedures set forth in Article 4.3 of the Plan, to bid for the Premises at the Auction.

1.28    "Receiver" shall mean Craig Zim, receiver in possession of the Property.

1.29    "Sale Closing Date" shall mean a date that is the earlier of (i) March 11, 2015 if the Property is refinanced or sold pursuant to a private sale, (ii) no later than March 17, 2015  if the Property is sold at an auction pursuant to Article 4.2(b).

1.30    "Sale Contract" shall mean a written agreement entered into between the Debtor and a third party in an amount not less than the 38 AR Allowed Secured Claim. The Sale Contract shall provide for a deposit that is no less than ten percent (10%) of the purchase price, to be held by the Disbursing Agent, unless 38 AR (or its nominee) is the successful bidder at an auction.  The deposit shall be made in cash or official bank, certified or cashiers check (collectively, "Acceptable Funds") and shall be delivered to the Disbursing Agent upon execution of the Sale Contract.

1.31    "Schedules" shall mean the schedules of assets and liabilities and the statement of financial affairs filed by the Debtor as required by Section 521 of the Code and Bankruptcy Rule 1007, and all amendments thereto.

1.32    "Secured Claim" shall mean a Claim secured by a valid, perfected and enforceable lien in the assets of the Debtor, to the extent of the value of the interest of the holder of such Secured Claim in such assets as determined by the Bankruptcy Court pursuant to § 506(a) of the Bankruptcy Code or acknowledged by the Debtor in writing or provided for in this Plan.

1.33    "State Court Foreclosure Action" means a foreclosure action commenced on or about February 17, 2011, in the Supreme Court of the State of New York, County of Queens, Index No.: 4019/2011 by Cathay Bank, 38 AR's predecessor-in-interest, against the Debtor.

1.34    "State Court Judgment" means that certain judgment of foreclosure and sale issued on August 6, 2014 and entered on August 6, 2014, in the State Court Foreclosure Action.

1.35    "Successful Bidder" means the Qualified Bidder who the Bankruptcy Court determined, with the advice of the Debtor, made the highest or best bid for the Premises at the Auction.

1.36    "Successful Purchaser" means the person or Entity that is the successful purchaser of the Premises, which is being sold at or before the Confirmation Hearing, subject to the terms set forth in this Plan.

1.37    "Third Party Highest Bidder" shall mean a party other than 38 AR (or its nominee) who is the highest bidder at an auction conducted pursuant to Article 4.2 of the Plan.

1.38    "Unsecured Claim" shall mean any Claim that is not an Administrative Claim, Priority Claim or Secured Claim including, without limitation, Claims based upon pre-petition trade accounts payable or Claims based upon the rejection of an executory contract during the pendency of the chapter 11 case.

## ARTICLE II

## DESIGNATION  OF CLAIMS AND INTERESTS

All holders of Claims and Interests against the Debtor, of whatever nature, whether or not scheduled or liquidated, absolute or contingent, whether Allowed or not, shall be bound by the provisions of the Plan and are hereby classified as follows:

**Class 1:** shall consist of the Allowed Secured Claim of 38 AR in the amount of $16,797,590.32, as of the Petition Date, plus interest to the payment date at the rate of 9% per annum, secured by two mortgage liens on the Property, and which is the amount that may be credit bid under the Plan.

**Class 2:** shall consist of all Allowed Unsecured Claims.

**Class 3:** shall consist of all Allowed Interests in the Debtor.

In accordance with Section 1123(a)(1) of the Code, Administrative Claims and Priority Tax Claims have not been classified and thus are excluded from the these Classes.

## ARTICLE III - TREATMENT OF CLAIMS UNDER THE PLAN

**3.1 Satisfaction of Claims.**  The treatment of and consideration to be received by holders of Allowed Claims shall be in full satisfaction their respective Claims against the Debtor.

a)  <u>Allowed Administrative Claims other than Claims of Professionals:</u>  These Allowed Claims shall be paid in the ordinary course and according to the terms and conditions of the respective contracts with respect to those Claims.

b)  <u>Allowed Claims of Professionals</u>: The Allowed Administrative Claims of DelBello Donnellan Weingarten Wise & Wiederkehr, LLP ("DDW"), shall be paid in

7

full, in cash, upon the later of (i) allowance by the Court pursuant to Section 330 of the Code or (ii) the Effective Date, unless otherwise agreed by such professional, from the proceeds of either (a) refinance or sale by the Debtor other than at the Auction or (b) the Auction. Notwithstanding the foregoing, in the event that the Class 1 claimholder is the successful purchaser at the Auction or the Class 1 Claim is not paid in full, DDW's net unpaid Administrative Claim, subject to Bankruptcy Court approval, shall be capped at $50,000.

c)    Allowed Claims of the Receiver. The Allowed Claims of the Receiver shall be paid in full from either (a) funds on hand with the Receiver (subject to payment of the Class 1 Claim as set forth below) or (b) the proceeds from refinance or sale upon the later of (i) allowance by the State Court or (ii) the Sale Closing Date. In the event that the Class 1 claim holder or a third party is the successful bidder at the Auction, such party shall be responsible for the payment of all outstanding Receiver Fees. In the event that the Debtor refinances or sells the Property other than at auction, such fees shall be paid by the Debtor, in full, in cash, in such amount as they are incurred in the ordinary course of business by the Debtor.

d)    United States Trustee's Fees: The Debtor shall pay all United States Trustee quarterly fees under 28 U.S.C. §1930(a)(6), plus interest due and payable under 31 U.S.C. § 3717 on all disbursements, including Plan payments and disbursements in and outside the ordinary course of the Debtor's business, until the entry of a Final Decree, dismissal of the Chapter 11 Case or conversion of the Chapter 11 Case to a case under chapter 7 of the Bankruptcy Code. Additionally, the Debtor shall file quarterly Post Confirmation Reports and schedule quarterly post-confirmation status conferences with the Court,

which shall commence approximately 90 days from the date of the Confirmation Order.

e)      Allowed Priority Tax Claims:  Allowed Priority Claims pursuant to 11 U.S.C. § 507(a)(8), including Allowed Priority Tax Claims based upon any administrative claims of the City of New York for, inter alia, water and sewer assessments, real estate taxes, violations and ECB judgments, shall be paid in full, in cash on the Sale Closing Date by either the Debtor or the successful bidder at the Auction, as applicable.

**3.2      Class 1:**  The Allowed Secured Claim of 38 AR, together with any unpaid interest, costs and reasonable attorneys' fees accrued thereon through the Sale Closing Date, estimated to be in the aggregate approximate amount of $17,427,562.18 (as of March 12, 2015), shall be paid in full on the Sale Closing Date. Interest shall accrue on the 38 AR Allowed Secured Claim to the date of payment at the rate of 9% per annum. In the event that a refinance or Sale Contract has not been closed upon on or before March 11, 2015, the Debtor must either (1) satisfy the Allowed Class 1 Claim in full, or (2) conduct a public auction no later than March 11, 2015 and close on such transaction no later than March 17, 2015. 38 AR shall have the right to Credit Bid the full amount of the 38 AR Allowed Secured Claim at an auction. The 38 AR Allowed Secured Claim is impaired under the Plan under Section 1124 of the Bankruptcy Code.

**3.3      Class 2:**  Allowed Unsecured Claims against the Debtor, if any, shall receive a pro rata portion of the remaining proceeds from the refinance and/or sale of the Property as may be the case, after the payment of all unclassified, Administrative, Priority, post-Effective Date legal fees and  Class 1 Claims, within ten (10) business days of the Sale Closing Date. In the event that the 38 AR Allowed Secured Claim is satisfied absent and in lieu of a sale of the Property or Auction under this Plan, Allowed Class 2

Claims shall receive up to 100% of their Allowed Claims, in cash, from the Debtor's operating cash flow except that all Allowed Class 2 Claims must be paid in full upon any future sale or refinance of the Property. Class 2 Allowed Unsecured Claims are impaired under this Plan.

**3.4    Class 3:**  Allowed Interests shall receive a pro rata portion of the remaining proceeds of the sale proceeds, if applicable, after the payment in full of all unclassified and classified Allowed Claims and any post-Effective Date legal fees and costs of the Debtor's estate. Class 3 Interests are unimpaired and are deemed to have accepted the Plan.

**ARTICLE IV**
**MEANS FOR EXECUTION AND IMPLEMENTATION OF THE PLAN**

**4.1    Plan Funding.** This Plan shall be funded with the Receiver's cash on hand and the net proceeds of refinance or sale of the Debtor's Property, as applicable. All distributions shall be made by the Debtor in accordance with Article III herein, except that to the extent that a Claim becomes an Allowed Claim after the Effective Date, within ten (10) days after the order allowing such Claim becomes a Final Order.

**4.2    Means for Implementation: Refinance, Sale or Auction.**

4.2(a) Subject to the time deadlines set forth in this Article IV, the Debtor shall market the Property and shall have the authority to engage a real estate broker and auctioneer to assist in such efforts, in order to refinance or sell and liquidate the Property for the highest and best price on or before the Sale Closing Date.  Upon Closing, the proceeds of sale shall be distributed to holders of Claims and Interests in the same manner as provided for in Article III herein.

4.2(b)  In the event that the Closing pursuant to a refinance or Sale Contract has not timely occurred on or before March 11, 2015, the Debtor shall conduct a public auction (the "Auction") of the Property on March 12, 2015.

4.2(c) The refinance or sale of the Property, whether pursuant to a loan agreement, Sale Contract or public auction shall be free and clear of any and all Claims, liens, encumbrances, equities and Interests of any nature or kind (collectively, "Liens") and shall constitute a sale and assignment under §§ 105, 365, 363(b), 363(f), 1123(b)(4) and 1129 of the Code. Nothing set forth herein shall prevent a sale and assignment subject to certain Liens, provided that the purchaser and the holder of the Lien provides their consent in writing and the 38 AR Allowed Secured Claim is paid in full.

4.2(d)  At an auction conducted pursuant to subsections 4.2(b) above or otherwise, 38 AR shall be entitled to and have the absolute right to Credit Bid the full amount of the 38 AR Allowed Secured Claim.

4.2(e)  At an auction:

(i)    If 38 AR is the highest bidder, no deposit shall be required and the payment of the purchase price shall be deemed paid by 38 AR by the Credit Bid except that 38 AR shall pay to the Debtor at Closing; (a) all United States Trustee quarterly fees incurred or to be incurred by the Debtor or Reorganized Debtor through the entry of a Final Decree; (b) net unpaid professional fees of the Debtor capped at $50,000.00 or otherwise agreed to by 38 AR; (c) the Allowed Claims of the Receiver; (d) all pre- and post- Filing Date Claims arising out of real estate taxes, ECB judgments, water and sewer and other City of New York Claims or assessments in full**;** and (e) reimbursement the expenses of the real estate broker

and auctioneer retained by the Debtor in an amount not to exceed $7,500 in costs;

however with respect to the United State Trustee quarterly fees, the Debtor and/or

Reorganized Debtor ultimately remains responsible for payment of same until the

entry of a Final Decree, or dismissal or conversion of the case. Notwithstanding

the foregoing, in the event that a bidder other than 38 AR is deemed a qualified

bidder and actually bids at the auction and 38 AR is nevertheless the successful

bidder at such auction, in addition to the amounts required to be paid above, 38

AR shall be responsible for payment of the real estate broker and auctioneer's

commission only with respect to any cash amount of its bid as set forth in the

auctioneer retention agreement between the Debtor and The Besen Group

("Auctioneer Agreement");

(ii)     If 38 AR (or its nominee) is not the highest bidder, immediately

following the auction, the Third Party Highest Bidder, shall execute the Sale

Contract which shall provide, among other things, that:  (i) a Closing of the sale

will occur on or, at the option of the successful bidder, before the twenty-fifth day

after the date of the auction; and (ii) that time is of the essence with respect to the

Closing date.

(iii)      Any successful bidder (other than 38 AR) shall pay to the Debtor

at Closing; (a)  all United States Trustee quarterly fees incurred or to be incurred

by the Debtor or Reorganized Debtor through the entry of a Final Decree; (b) net

unpaid professional fees of the Debtor to the extent Allowed by the Bankruptcy

Court; (c)  the Allowed Claims of the Receiver; (d) Claims arising out of real

estate taxes, ECB judgments, water and sewer and other City of New York

administrative Claims or assessments; (e) the Class 1 Claim in full; and (f) the

commission and expenses of the auctioneer as provided for in the Auctioneer

Agreement, however the Debtor and/or Reorganized Debtor ultimately remains

responsible for payment of all United States Trustee quarterly fees that become

due until the entry of a Final Decree, or dismissal or conversion of the case.

(iv)    If the Third Party Highest Bidder defaults under the Sale Contract,

the Disbursing Agent will be entitled to keep the deposit for distribution under the

Plan.

(v)    The Debtor shall reserve the second highest bidder. If 38 AR (or its

nominee) does not purchase the Property at the auction and the Third Party

Highest Bidder is unable to close on the Closing date, the Disbursing Agent shall

contact the second highest bidder and enter into a Sale Contract of the amount of

such bid; provided however, that the Sale Contract with the second highest bidder

shall comply with the provisions of the Plan, which sale must Close within

twenty-five (25) days after execution of such contract.

4.2(f)   The Debtor shall have the absolute right, through refinance, sale or

otherwise, to satisfy the 38 AR Allowed Secured Claim at any time, up to the

commencement of the Auction. In the event that the Debtor satisfies the Class 1 Claim in

full prior to the Auction, the Auction shall be deemed canceled.

4.3    <u>Bid Procedures</u>.  The Bid Procedures shall be as set forth in the Disclosure

Statement Approval Order, but shall include the following:

4.3.1    The Property will be advertised and marketed for sale by a broker
or auctioneer in a commercially reasonable manner common in the

industry for the same of a single asset real estate debtor in Queens County, New York.

The Property will be sold at the Auction to be held at the United States Bankruptcy Court for the Eastern District of New York, Conrad B. Duberstein U.S. Courthouse, 271-C Cadman Plaza East, Brooklyn, NY 11201, at 11:00 a.m. on February 20, 2015;

4.3.2    Only Qualified Bidders shall be permitted to bid at the Auction.  38 AR shall be deemed a Qualified Bidder and all other Qualified Bidders shall be deemed Qualified Competing Bidders.  38 AR shall provide an initial credit bid of $17,427,562.18 (as of March 12, 2015).  In order to be a Qualified Competing Bidder, an Entity shall:

4.3.1.1 submit an all cash offer for the Premises, without financing or due diligence contingencies, of not less than $17,427,562.18 in cash, plus $150,000 in cash, which amount is the estimate of the total Allowed Receiver, Professional and United States Trustee Claims, plus assumption of (a) the real estate broker and auctioneer commissions and expenses and (b) all pre- and post- Filing Date Claims arising from outstanding Claims of the City of New York for, inter alia, water and sewer assessments, real estate taxes, violations and ECB judgments;

4.3.1.2 provide financial information to the Plan Proponents which fairly demonstrates its ability to close on its purchase of the Premises;

4.3.1.3 submit a deposit in the amount of $1,730,000 (the "Deposit");

4.3.1.4 consent to a Closing on the purchase of the Premises on the later of the date the Confirmation Order becomes a Final Order unless the Confirmation Order provides for  §363(m) protection or fourteen (14) days after the entry of the Confirmation Order;

4.3.1.5 acknowledge that if it becomes the Successful Purchaser, its Deposit shall be deemed to be non-refundable and shall be forfeited if it fails to close for any reason.

4.3.1.5 if a Qualified Competing Bidder does not become the Successful Purchaser, its Deposit shall be returned to it within the earlier of (i) three Business Days after the Closing of a sale of the Premises to the Successful Purchaser; or (ii) 30 days after the date of the Auction;

4.3.1.6 38 AR shall be permitted to credit bid all or any portion of the 37 Avenue Realty Secured Claim up to the full amount of the 37 Avenue Realty Allowed Class 1 Claim and such credit bid shall be deemed to be a Cash bid;

4.3.1.7 subsequent bids made at the Auction shall be in minimum increments of $25,000 or such amount as the Debtor deems appropriate;

4.3.1.8 at such time as it appears to the Debtor's counsel, in the exercise of its reasonable discretion, that none of the Qualified Bidders present at the Auction are prepared to advance the bidding, the Debtor's counsel shall (after giving fair warning, on the record, to those Entities present) close the bidding on the record and the Entity which immediately prior to the close of the bidding shall have submitted the highest or best offer for the purchase of the Premises shall be declared the Successful Purchaser and its bid the "Accepted Bid."  The Debtor shall submit an Order to the Bankruptcy Court confirming the sale to the Successful Purchaser and as part of that Order shall seek approval of granting the Successful Purchaser the protections under §363(m) of the Bankruptcy Code.

4.4     Transfer of Assets.  On the Effective Date, the Premises shall be transferred to the Successful Purchaser, upon the terms and conditions and otherwise in accordance with the Plan.  In connection therewith, the Successful Purchaser shall receive:

4.4.1    a deed to the Premises in form and substance acceptable to the Successful Purchaser, executed by the Debtor to be recorded in the appropriate register's office (the "Deed"), free and clear of all Liens, Claims and encumbrances, except as otherwise set forth in the Plan;

4.4.2    a bill of sale in form and substance acceptable to the Successful Purchaser, executed by the Debtor, transferring to the Successful Purchaser all personal property used in or useful to the operation and maintenance of the Premises;

4.4.3    an assignment in form and substance acceptable to Successful Purchaser, executed by the Debtor in favor of the Successful Purchaser, assigning any Executory Contract which the Successful Purchaser elects in writing [prior to the Confirmation Date] to be so assigned; and

4.4.4    an assignment in form and substance acceptable to Successful Purchaser, executed by the Debtor in favor of the Successful Purchaser, assigning all unexpired leases and leases not foreclosed by the State Court Judgment, tenant security deposits, licenses, approvals, permits and similar authorizations, and any pending application for any of the foregoing.

4.4.5    a certified copy of the Confirmation Order

4.5    This Plan expressly contemplates the refinance or sale of the Property on or after the Effective Date. The post-Effective Date refinance or sale shall therefore not be taxed under any law imposing a stamp or similar tax as provided for in Section 1146(a) of the Code including (a) the transfer of the Property; (b) the creation of any mortgage, deed of trust, lien, pledge or other security interest; (c) the making or assignment of any contract, Lease or sublease; or (d) the making or delivery of any deed or other instrument or transfer under, in furtherance of, or in connection with the Plan. All such transfers, assignments and sales will not be subject to any stamp tax, or other similar tax held to be a stamp tax or other similar tax by applicable law.

## ARTICLE V
## RESOLUTION OF DISPUTED CLAIMS & RESERVES

**5.1  Objections**.  The Debtor or a party in interest shall file all objections to the allowance of a Claim with the Bankruptcy Court, in writing, no later than the Confirmation Date.

**5.2  Amendment of Claims**.  A Claim may not be amended after the Effective Date unless agreed upon, in writing, by the Debtor and the holder of such Claim and as approved by the Bankruptcy Court or as otherwise permitted by the Code and Bankruptcy Rules.

**5.3  Reserve for Disputed Claims**.  The Debtor shall reserve, on account of each holder of a Disputed Claim, in cash, the amount that would otherwise be distributable to such holder were such Disputed Claim an Allowed Claim on the date of distribution. The cash so reserved for the holder of such Disputed Claim, shall be distributed only after such Disputed Claim becomes a subsequently Allowed Claim. The holder of a subsequently Allowed Claim shall not be entitled to any additional interest on the Allowed Claim, regardless of when distribution thereon is made to or received by such holder.

## ARTICLE VI
## GENERAL AND MISCELLANEOUS PROVISIONS

**6.1    Modification of the Plan**.  The Debtor reserves the right, in accordance with Section 1127 of the Code, to amend or modify the Plan provided the Bankruptcy Court approves such modification, if required; provided, however, the plan may not be modified without the written consent of 38 AR**.**

**6.2    Article and Section References.** Unless otherwise specified, all section,

article and exhibit references in the Plan are to the respective section in, article of, or exhibit to the Plan.  The headings in the Plan are for convenience of reference only and shall not limit or otherwise affect the provisions of the Plan. Words denoting the singular number shall include the plural number and vice versa, and words denoting one gender shall include the other gender.

**6.3**    **Payment Dates.** If any payment or act under the Plan is required to be made or falls on a date which shall be a Saturday, Sunday or a legal holiday, the making of such payment or performance of such act may be completed on the next succeeding business day, and shall be deemed to have been completed timely.

**6.4**    **Notices.** Any notices to be forwarded under the Plan shall be in writing and sent by certified mail, return receipt requested, postage pre-paid; or by overnight mail or hand delivery, addressed as follows:

If to the Debtor:

SHIROKIA DEVELOPMENT LLC
142-28 38th Avenue, Flushing, New York 11354
Attn: Hong Qin Jiang, Managing Member

with a copy to:

DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDEKEHR, LLP
1 North Lexington Avenue
White Plains, New York 10601
Attn: Dawn Kirby, Esq.

If to 38 AR, Inc.

38 Avenue Realty, LLC
c/o James P. Pagano, Esq.
277 Broadway, Suite 801
New York, New York 10007-2042

The Debtor or 38 AR may designate in writing any other address for purposes of this section, which designation shall be effective upon receipt. Any payment required under the Plan shall be deemed to have been paid on the date when such payment is mailed.

6.5 **Enforceability.** Should any provision in the Plan be determined to be unenforceable, such determination shall in no way limit or affect the enforceability or operative effect of any and all other provisions of the Plan.

6.6 **Applicable Law.** Except to the extent that the Code is applicable, the rights and obligations arising under the Plan shall be governed by, and construed and enforced in accordance with, the internal laws of the State of New York, except to the extent that other provisions of Federal law are applicable.

6.7 **Successors and Assigns.** The rights and obligations of any entity named or referred to in the Plan shall be binding upon and inure to the benefit of the successors and assigns of such entity.

6.8 **Reservation of Rights.** Other than acknowledgement of the 38 AR Allowed Secured Claim, neither the filing of this Plan, nor any statement or provision contained herein, shall be or be deemed to be an admission against interest. In the event that the Effective Date does not occur, neither this Plan nor any statement contained herein may be used or relied upon in any manner in any suit, action, proceeding or controversy within or outside of this chapter 11 case.

**6.9   U.S. Trustee Fees and Post Confirmation Reports.** The Debtor shall be responsible for filing post-confirmation reports with the Bankruptcy Court and the Disbursing Agent shall effectuate payment all quarterly fees required under 28 U.S.C. § 1930 and applicable interest under 31 U.S.C. § 3717, on behalf of the Debtor who shall remain responsible therefore, until the earlier of (a) conversion or dismissal of this chapter 11 case or (b) entry of a final decree closing this chapter 11 case.

**6.10   Post Confirmation Management.**   The Debtor will continue to be managed post-Confirmation Date by Isaac Mutzen, the Debtor's managing member. Mr. Ruha shall not receive any compensation for his continued management services.

**ARTICLE VII**
**EFFECT OF CONFIRMATION, DISCHARGE,**
**SURRENDER AND CANCELLATION OF CLAIMS**

**7.1   Discharge.** In the event that the property is sold through the plan, the debtor will not be entitled to a discharge. However, if the Debtor otherwise refinances or satisfies the lender without the need for sale, the Debtor will be entitled to modify the plan and seek a discharge.

**7.2   Exculpation.** Neither the Debtor nor any of its respective members, shareholders, officers, directors, employees, attorneys, advisors, agents, representatives and assigns (the "Released Parties") shall have or incur any liability to any entity for any action taken or omitted to be taken in connection with or related to the formulation, preparation, dissemination, Confirmation or consummation of the Plan, the Disclosure Statement or any contract, instrument, release or other agreement or document created or entered into, or any other action taken or omitted to be taken in connection with the chapter 11 case or the Plan and any related agreement or for bad faith, willful misconduct,

gross negligence, breach of fiduciary duty, malpractice, fraud, criminal conduct,

unauthorized use of confidential information that causes damages, and/or ultra vires acts.

Notwithstanding any other provision hereof, nothing in Sections 7.2 or 7.3 hereof shall

(a) effect a release of any claim by the United States Government or any of its agencies or

any state and local authority whatsoever, including, without limitation, any claim arising

under the Internal Revenue Code, the environmental laws or any criminal laws of the

United States or any state and local authority against the Released Parties, nor shall

anything in Sections 7.2 or 7.3 hereof enjoin the United States or any state or local

authority from bringing any claim, suit, action or other proceedings against any of the

Released Parties referred to herein for any liability whatever, including, without

limitation, any claim, suit or action arising under the Internal Revenue Code, the

environmental laws or any criminal laws of the United States or any state and local

authority, nor shall anything in this Plan exculpate any party from any liability to the

United States Government or any of its agencies or any state and local authority

whatsoever, including liabilities arising under the Internal Revenue Code, the

environmental laws or any criminal laws of the United States or any state and local

authority against the Parties referred to herein, or (b) any environmental law, nor shall

anything in Sections 7.2 or 7.3 herein enjoin any party from bringing any claim, suit or

action or other proceeding arising out of any environmental law, or (c) limit the liability

of the Debtor's professionals to the Debtor pursuant to Rule 1.8(h)(1) of the New York

Rules of Professional Conduct.

   **7.3  Confirmation Injunction.** Effective on the Confirmation Date, all persons

who have held, hold or may hold Claims or Interests are enjoined from taking any of the

following actions against or affecting the Debtor or assets of the Debtor with respect to such Claims, Interests or Administrative Claims, except as otherwise set forth in the Plan, and other than actions brought to enforce any rights or obligations under the Plan or appeals, if any, from the Confirmation Order:

(i) Commencing, conducting or continuing in any manner, directly or indirectly, any suit, action, arbitration, or other proceeding of any kind against the Debtor or the assets of the Debtor regarding the Claims or Interests;

(ii) Enforcing, levying, attaching, or otherwise recovering by any manner or means, whether directly or indirectly, any judgment, award, decree, or order against the Debtor, the assets of the Debtor;

(iii) Creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any encumbrance of any kind against the Debtor, the assets of the Debtor;

(iv) Asserting any setoff, right of subrogation, or recoupment of any kind, directly or indirectly, against the Debtor, the assets of the Debtor; and

(v) Proceeding in any manner and any place whatsoever that does not conform to or comply with the provisions of the Plan.

# ARTICLE VIII

## CONDITIONS PRECEDENT

8.1     <u>Conditions to Confirmation</u>. The following are conditions precedent to confirmation of the Plan, each of which may be satisfied or waived in accordance with section 8.3 of the Plan.

(a)     The Bankruptcy Court shall have approved by Final Order a disclosure statement with respect to the Plan.

(b)     The Confirmation Order shall be in form and substance acceptable to 38 AR and provide for the sale of the Property, whether pursuant to a Sale Contract or auction, free and clear of all Claims, liens and encumbrances.

8.2     <u>Conditions to Effective Date</u>. The following are conditions precedent to the Effective Date, all of which may be satisfied or waived in accordance with Article 8.3 of the Plan.

(a)     The Confirmation Order shall have been entered and have become a Final Order.

(b)     The Debtor shall have sufficient cash necessary to pay Claims required to be paid on the Effective Date.

8.3     <u>Waiver of Conditions to Confirmation</u>. Conditions set forth in sections 8.1(b) and 8.2(b) of the Plan may be waived by 38 AR without any further notice to parties in interest or the Bankruptcy Court and without a hearing.

## ARTICLE IX
## DISTRIBUTIONS AND UNCLAIMED PAYMENTS

Except as otherwise provided herein, in the event any claimant fails to claim any distribution within four (4) months from the date of such distribution, such claimant shall forfeit all rights thereto, and to any and all future payments, and thereafter the Claim for

which such cash was distributed shall be treated as a disallowed Claim. Distributions to claimants entitled thereto shall be sent to their last known address set forth on a proof of claim filed with the Bankruptcy Court or, if no proof of claim is filed, on the Schedules filed by the Debtor or to such other address as may be later designated by a creditor in writing. The Disbursing Agent and the Debtor shall use their collective best efforts to obtain current addresses for all claimants. The Disbursing Agent shall notify the Debtor of all returned distributions. All unclaimed cash shall be disbursed to Class 2 Interests, on a pro rata basis and according to the percentage of membership interest held by such Interest holder.

## ARTICLE X
## DUTIES AND RIGHTS OF THE DISBURSING AGENT

The Disbursing Agent shall make and effectuate all distributions required under the Plan. All fees and expenses of the Disbursing Agent shall be paid within twenty (20) days of presentation of invoice.

## ARTICLE XI
## POST-CONFIRMATION ACTIVITIES OF THE DEBTOR

**11.1**     If  the Debtor liquidates the Property, it shall cause "final" tax returns to be filed with New York State Department of Taxation and Finance as well as the Internal Revenue Service and shall file such additional documents as are necessary to cause the formal dissolution of the Debtor with the New York State, Secretary of State.

**11.2**     The Debtor shall pay all post-Confirmation Date fees and expenses to the Debtor's professionals within twenty (20) days of presentment of invoice.

## ARTICLE XII
## EVENTS OF DEFAULT

**12.1**     An Event of Default shall occur if (a) the deadlines set forth for the sale and Closing of the Property set forth in Article IV are not met, or (b) the Disbursing Agent shall fail to make any payment when due or (c) the Debtor shall fail to comply with any other material terms of this Plan, and written notice of same has been provided to the Debtor, Disbursing Agent and the Bankruptcy Court.

12.2     Following an Event of Default, if such Default has not been cured within ten (10) days thereafter**,** (a) 38 AR may set a sale pursuant to Sections 363 and 1123(B)(4) of the Code with the right to Credit Bid the full amount of the 38 AR Allowed Secured Claim, subject to Section 4.2(f); and (b) any holder of a Claim, payment of which is in default, shall have the right to commence an action against the Debtor in the Bankruptcy Court or United States District Court to compel payment.

## ARTICLE XIII
## EXECUTORY CONTRACTS

13.1     Unless rejected by a prior order of the Court, in the event that leases, if any, have not been terminated, the leases for the Tenants at the Premises shall be assumed and assigned to the Successful Bidder and the successful bidder shall take subject to the rights and interests of such tenants, if any.

13.2     The invalidity of the leases held by tenants Al Yueh Chang, Yu Ying Chen, Mei Di Kui and AC Tower Condominium, Inc, were all expressly determined by the State Court Judgment issued and entered in the State Court Foreclosure Action and, upon sale of the Premises pursuant to the Plan, said leases and the interest of said tenants in the premises pursuant thereto, if any, shall be deemed foreclosed, terminated, and

forever extinguished in accordance with the provisions of the State Court Judgment.  The

Confirmation Order shall provide that the United States Marshal or its designee shall be

authorized and directed to give assistance to the Successful Bidder if necessary

subsequent to the Effective Date to enforce eviction from the Premises and deliver

possession to the Successful Purchaser.

13.3    Any person or entity whose Claim arises from rejection of an executory

contract shall, to the extent such Claim becomes an Allowed Claim, have the rights of a

holder of an Unsecured Claim in Class 3 with respect thereto.

13.4    Any person or entity who has a Claim against the Debtor by virtue of

rejection of an executory contract may file a Claim with the Clerk of the Court, and serve

such claim upon counsel for the Debtor and 38 AR, within twenty-five days (25) days

following service upon such person or entity of notice of entry of the order confirming the

Plan or order authorizing such rejection, whichever is later.  If such Claim is not filed

within such specified time, it shall forever be barred from assertion against the Debtor.

## ARTICLE XIV
## <u>RETENTION OF JURISDICTION</u>

The Bankruptcy Court shall retain jurisdiction of the chapter 11 case:

(a)  To determine all controversies relating to or concerning the allowance of and/

or distribution on account of such Claims or Interests upon objection thereto which may

be filed by any party in interest;

(b)  To determine requests for payment of Claims entitled to priority under

Section 507(a)(2) of the Code, including any and all applications for compensation for

26

professional and similar fees;

(c)  To determine any and all applications, adversary proceedings, and contested or litigated matters over which the Bankruptcy Court has subject matter jurisdiction pursuant to 28 U.S.C Sections 157 and 1334;

(d)  To determine all disputed, contingent or unliquidated Claims and all disputed Interests;

(e)  To determine requests to modify the Plan pursuant to Section 1127 of the Code or to remedy any defect or omission or reconcile any inconsistencies in this Plan or Confirmation Order to the extent authorized by the Code;

(f)  To make such orders as are necessary or appropriate to carry out the provisions of the Plan;

(g)  To resolve controversies and disputes regarding the interpretation or enforcement of the terms of the Plan;

(h)  To determine any and all pending motions and applications for assumption or rejection of executory contracts and leases and the allowance and classification of any Claims resulting from the rejection of executory contracts and leases;

(i)  To resolve any disputes which may arise concerning the sale or auction of the Property or satisfaction of the 38 AR Allowed Secured Claim as required under the Plan;

(j)  To determine such other matters as may be provided for in the order of the Bankruptcy Court confirming the Plan or as may be authorized under the provisions of the Bankruptcy Code; and

(k)  To enter a final decree closing this Chapter 11 case.

Dated:  Flushing, New York
          February 6, 2015

SHIROKIA DEVELOPMENT LLC

By: _____
      Hong Qin Jiang, Managing Member

DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDEKEHR, LLP
*Attorneys for the Debtor*

By: _____
      Dawn Kirby, Esq.
      One North Lexington Avenue
      White Plains, New York 10601
      (914) 681-0200