UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                        Chapter 11
                                                              Case No. 14-44373 (NHL)

SHIROKIA DEVELOPMENT LLC,

                                    Debtor.
-----------------------------------------------------------X

### ORDER CONFIRMING DEBTOR'S FIRST AMENDED LIQUIDATING CHAPTER 11 PLAN PURSUANT TO 11 U.S.C. SECTION 1129 AND APPROVING DISCLOSURE STATEMENT

The above-captioned debtor and debtor-in-possession, Shirokia Development LLC, (the "Debtor"), having filed a Second Amended Chapter 11 Plan of Reorganization dated February 6, 2015 (the "Plan", Docket No. 45) under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Code") and a Second Amended Disclosure Statement dated February 6, 2015 (the "Disclosure Statement", Docket No. 55); and the Court having entered an Order on February 6, 2015 (the "Scheduling Order", Docket No. 46) which, *inter alia,* (1) *conditionally approved the Disclosure Statement; (2)* scheduled a joint hearing to consider final approval of the Disclosure Statement and confirmation of the Plan pursuant to §§105(d)(2)(B)(vi) and 1125(f)(3) of the Bankruptcy Code for March 11, 2015 at 2:00 p.m., and (*3*) set a deadline for filing and serving objections to confirmation of the Plan for March 4, 2015; and a copy of the Plan, Disclosure Statement and Scheduling Order having been transmitted to all known holders of Claims and Interests in accordance with the Scheduling Order and Bankruptcy Rules 2002, 3017, and 3019; and no objections having been filed; and a hearing to consider *final approval of the Disclosure Statement and* confirmation of the Plan having been held on March 11, 2015 at 2:00 p.m. (the "Hearing") pursuant to notice as heretofore directed; and an affidavit of service having been filed herein evidencing compliance with such notice; the following parties having

appeared at the Hearing: (i) Jonathan S. Pasternak, Esq. on behalf of the Debtor, (ii) Hong Qin ("Sandy") Jiang ~~on behalf of the~~ Debtor*'s principal*, (iii) James P. Pagano, Esq. on behalf of 38 Avenue Realty LLC ("38 AR"), and (iv) Marylou Martin, Esq. on behalf of the U.S. Trustee; and upon the entire record of this case and the minutes taken at the Hearing; and the certification of Dawn Kirby, Esq. of the ballots cast in acceptance of and in rejection to the Plan dated March 10, 2015 (Docket No. 59); and the Court having considered the ~~testimony~~ *proffer* offered by ~~the Debtor~~ *by Jonathan S. Pasternak, Esq.* and all pleadings submitted in connection with the final approval of the Disclosure Statement and confirmation of the Plan; and upon all proceedings heretofore had herein; and after due deliberation and sufficient cause appearing therefore,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      As shown by the Affidavit of Service of Bryn Tepper duly sworn to on February 11, 2015, proper, timely, adequate and sufficient notice of the Hearing to consider final approval of the Disclosure Statement and confirmation of the Plan to all Creditors, Interest holders and parties in interest has been provided in accordance with the Scheduling Order and applicable Bankruptcy Rules and no further or other notice of the Hearing or entry of this Order is necessary.

B.      This Court has jurisdiction over the subject matter of this proceeding and the parties and property affected hereby pursuant to 28 U.S.C. Sections 1334 and 157(b).  This is a core matter pursuant to 28 U.S.C. Section 157(b)(2)(A), (D), (L), (M), (N) and (O) over which this Court has jurisdiction to enter a final order. Venue of this chapter 11 case is proper in this District pursuant to 28 U.S.C. Sections 1408 and 1409.

C.      The Disclosure Statement contained "adequate information," as that term is defined by Section 1125(a)(1) of the Bankruptcy Code, sufficient to enable a hypothetical

reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the Plan.

D.      The Plan has been accepted in writing pursuant to Section 1126(c) of the Code by at least one class of creditors as defined in Section 101(10) of the Code ("<u>Creditors</u>") whose acceptance is required by law, the Debtor having filed a Certification of Ballots (Docket No. 59).

E.      The applicable provisions of Title 11, United States Code have been complied with in the Plan and by the Debtor.

F.      The Plan has been proposed in good faith and not by any means forbidden by law.

G.      Insofar as the Plan is a liquidating Plan, confirmation is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtor.

H.      There exists no governmental regulatory commission with jurisdiction over the rates of the Debtor, and therefore Section 1129(a)(6) of the Code is inapplicable.

I.      With respect to each impaired class of Claims or Interests, each holder of a claim as defined in Section 101(5) of the Code ("<u>Claim</u>") or Interest of such class has accepted the Plan or will receive or retain under the Plan on account of such Claim or Interest property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would ~~so~~ receive or retain if the Debtor was liquidated under chapter 7 of the Code on the effective date of the Plan, the Debtor having filed a Certification of Ballots (Docket No. 59).

J.      The Plan provides that with respect to any Claim of a kind specified in Sections 507(a)(8) of the Code, the holder of any such Claim, if any, will receive payment in full on the Effective Date.

K.      There are no holders of Claims of a kind specified in Sections 507(a)(1), (3), (4), (6), (7), (8), (9) and (10) of the Code against the Debtor.

L.      The holders of allowed Claims of a kind specified in Section 507(a)(2) as allowed by the Court upon proper application, and as specified in Section 507(a)(5) will be paid upon the earlier of the Effective Date under the Plan, or as approved and allowed by the Court.

M.      All fees payable under 28 U.S.C. Section 1930 and 31 U.S.C. Section 3717 have been paid or will be paid within 30 days after the Effective Date of the Plan.

N.      Sections 1129(a)(13)-(15) of the Code are not applicable herein.

O.      The Plan satisfies the requirements of Sections 1122 and 1123 of the Code.

P.      There is no other plan of reorganization that has been moved for confirmation. The Plan is therefore the only plan pending before the Court.

Q.      All requirements of Section 1129(a) of the Code have been met under the Plan.

**BASED ON THE FOREGOING, IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:**

1.      The findings of this Court set forth above, together with all other bench findings, findings of fact and conclusions of law made by this Court during the Hearing to consider confirmation of the Plan, shall constitute findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable by Bankruptcy Rule 9014.

2.      Unless otherwise defined herein, capitalized terms in this Order shall have the meanings ascribed to them in the Plan.

3.      The Disclosure Statement is hereby approved on a final basis in all respects pursuant to Section 1125 of the Bankruptcy Code and is deemed to contain "adequate information" within the meaning of Section 1125(a)(1) of the Bankruptcy Code.

4.      The Plan, a copy of which is on file with the Court and has been previously served upon all of the Debtor's creditors and parties in interest, be and the same hereby is,

confirmed pursuant to Sections 1129 and 1141 of the Code.

5.        The Plan, this Order, and their respective provisions shall be binding upon the Debtor, any lessor or lessee of property from or to the Debtor, and any and all creditors, Interest holders of the Debtor and any other party in interest in this chapter 11 case, whether or not the Claim or Interest of such creditor, Interest holder or other party in interest is impaired under the Plan and whether or not such creditor, Interest holder or other party in interest has filed, or is deemed to have filed, a proof of Claim or Interest or has accepted or is deemed to have accepted, or has rejected or is deemed to have rejected,  the Plan.

6.        The Debtor is hereby authorized to take any and all actions, and execute and deliver any and all instruments and documents that it deems necessary and appropriate to effect and consummate the Plan and carry out this Order.

7.        As the Plan expressly contemplates the refinance or sale of the Debtor's Property after the Effective Date, any and all post-Effective Date sale thereof shall not be taxed under any law imposing a stamp or similar tax as provided for in Section 1146(a) of the Code including (a) the transfer of the Property; (b) the creation of any mortgage, deed of trust, lien, pledge or other security interest; (c) the making or assignment of any contract, Lease or sublease; or (d) the making or delivery of any deed or other instrument or transfer under, in furtherance of, or in connection with the Plan.  All such transfers, assignments and sales will not be subject to any stamp tax, or other similar tax held to be a stamp tax or other similar tax by applicable law. All filing and/or recording officers (or any other person or entity with authority over any of the foregoing), wherever located and by whomever appointed, shall comply with the requirements of Section 1146(c) of the Bankruptcy Code, shall forego the collection of any such tax or governmental assessment, and shall accept for filing and recordation any of the foregoing

instruments or other documents without the payment of any such tax or governmental assessment.  The Court shall retain jurisdiction with respect to these matters.

8.        If the Property is refinanced by the current shareholders or sold pursuant to a private sale, the closing date must occur no later than April 1, 2015.  If a refinance or private sale does not occur by April 1, 2015, the Property will be sold at an auction (the "Auction") on April 2, 2015 at 10:00 a.m. in the United States Bankruptcy Court, Courtroom 2529, 271-C Cadman Plaza East, Brooklyn, New York 11201.

9.        In the event of the Auction of the Property, the following provisions shall apply to the Auction, which are incorporated into the Bidding Procedures annexed hereto as **Exhibit "A"**, which are approved in connection with the contemplated sale:

> The Property will be advertised and marketed for sale by Besen & Associates (the "Broker"), a broker in a commercially reasonable manner common in the industry for a mixed use commercial real estate debtor in Queens County, New York. Besen will conduct the Auction and may retain third parties to do so.
>
> Only Qualified Bidders shall be permitted to bid at the Auction.  38 AR shall be deemed a Qualified Bidder and all other Qualified Bidders shall be deemed Qualified Competing Bidders.  In the event 38 AR determines to credit bid at the auction the amount of its the credit bid will be $17,483,015.32 as at March 30, 2015 and increasing by the sum of $2,925.00 per diem until the date of the auction, April 2, 2015.
>
> In order to be a Qualified Competing Bidder, an Entity shall:
>
> - submit an all cash offer for the Premises, without financing or due diligence contingencies, of not less than $17,300,000 in cash, plus $150,000 in cash, which amount is the estimate of the total Allowed Receiver, Professional and United States Trustee Claims, plus assumption of all Claims arising from outstanding administrative Claims of the City of New York for, inter alia, water and sewer assessments, real estate taxes, violations and ECB judgments;
>
> - provide financial information to the Plan Proponents which fairly demonstrates its ability to close on its purchase of the Premises;
>
> - Submit a deposit in the amount of $1,730,000 (the "Deposit");

-   consent to a Closing on the purchase of the Premises on the later of the date the Confirmation Order becomes a Final Order unless the Confirmation Order provides for §363(m) protection or fourteen (14) days after the entry of the Confirmation Order;

-   acknowledge that if it becomes the Successful Purchaser, its Deposit shall be deemed to be non-refundable and shall be forfeited if it fails to close for any reason.

-   if a Qualified Competing Bidder does not become the Successful Purchaser, its Deposit shall be returned to it within the earlier of (i) three Business Days after the Closing of a sale of the Premises to the Successful Purchaser; or (ii) 30 days after the date of the Auction;

-   38 AR shall be permitted to credit bid all or any portion of the 38 AR Secured Claim up to the full amount of the 38 AR Allowed Class 1 Claim which is $17,483,015.32 as at March 30, 2015 and increasing by the sum of $2,925.00 per diem and such credit bid shall be deemed to be a Cash bid;

-   after the first bid at the Auction, the next increment must be $25,000 over the first bid.  Thereafter, subsequent bids shall be in minimum increments of $25,000 or such amount as the Debtor deems appropriate;

-   at such time as it appears to the Debtor's counsel, in the exercise of its reasonable discretion, that none of the Qualified Bidders present at the Auction are prepared to advance the bidding, the Debtor's counsel shall (after giving fair warning, on the record, to those Entities present) close the bidding on the record and the Entity which immediately prior to the close of the bidding shall have submitted the highest or best offer for the purchase of the Premises shall be declared the Successful Purchaser and its bid the "Accepted Bid".  Thereafter, a hearing will be held before the Honorable Nancy H. Lord, United States Bankruptcy Court, 371 Cadman Plaza East, on April 2, 2015 at 2:30 p.m. or as soon thereafter as the matter may be heard to approve the results of the Auction and the sale to the Successful Purchaser.  After the conclusion of the hearing, the Debtor shall submit an Order to the Bankruptcy Court confirming the sale to the Successful Purchaser and as part of that Order shall seek approval of granting the Successful Purchaser the protections under §363(m) of the Bankruptcy Code.

10.    The Broker has been retained pursuant to this Court's order dated March 11, 2015 [Docket No. 60].  The Broker's fee is payable as follows:

a. If 38 AR~~A~~ is the successful bidder in the amount of its credit bid, then 38 AR~~A~~

will pay the Broker $7,500 for its expenses.

b.  If, after a competitive bid process, 38 AR~~A~~ is the Successful Bidder in an amount greater than its full credit bid, then 38 AR~~A~~ shall pay the Broker $7,500 for its expenses plus 5% of the difference between the full amount of 38 AR~~A~~'s credit bid and the amount of its Successful Bid.

c.  If Andy Chou and JG & JB Realty Inc. is the Successful Purchaser, then they will pay the Broker $10,000 for its expenses.

d.  If a third party is the Successful Bidder, they will be responsible for the 5% Broker commission.

11.    The sale of the Property either pursuant to a Sale Contract or public auction, shall be free and clear of any and all Claims, liens, encumbrances, equities and Interests of any nature or kind (collectively, "Liens") and shall constitute a sale and assignment under Sections 105, 365, 363(b), 363(f), 1123(b)(4) and 1129 of the Bankruptcy Code.

12.    The Debtor and/or the Disbursing Agent are authorized and directed to pay any outstanding real estate taxes, and water and sewer charges due to the City of New York on the closing date.

13.    The following paragraph is incorporated into this order:

"13.2   The invalidity of the leases held by tenants Al Yueh Chang, Yu Ying Chen, Mei Di Kui and AC Tower Condominium, Inc, were all expressly determined by the State Court Judgment issued and entered in the State Court Foreclosure Action and, upon sale of the Premises pursuant to the Plan, said leases and the interest of said tenants in the premises pursuant thereto, if any, shall be deemed foreclosed, terminated, and forever extinguished in accordance with the provisions of the State Court Judgment. The Confirmation Order shall provide that the United State Marshal or its designee shall be authorized and directed to give assistance to the Successful Bidder if necessary subsequent to the Effective Date to enforce eviction from the Premises and deliver possession to the Successful Purchaser."

14.      The executory contract and unexpired lease provisions of Article XIII of the Plan are approved.  As of the Effective Date and upon the payment of any cure claims (if applicable), pursuant to Article XIII of the Plan, each assumed agreement shall be deemed assumed by the Debtor and shall be in full force and effect, except to the extent that such agreement has been modified consensually with the agreement of the parties thereto.  Each executory contract not listed in the Plan as an Assumed Contract or otherwise assumed by the Debtor during the course of the chapter 11 Case shall be rejected by the Debtor as of the Effective Date.  The deadlines and procedures set forth in Article **X**III of the Plan regarding the assertion of Rejection Damage Claims are approved and established.

15.      The Debtor is hereby authorized and directed to file quarterly disbursement reports for each quarter the chapter 11 case remains open and pay United States Trustee fees pursuant to 28 U.S.C. Section 1930 and 31 U.S.C. Section 3717 until the chapter 11 case is closed. Such fees shall be payable in accordance with 28 U.S.C. Section 1930 and 31 U.S.C. Section 3717.

16.      The Plan, this Order, and their respective provisions shall be binding upon the Debtor, any lessor or lessee of property from or to the Debtor, and any and all creditors, Interest holders of the Debtor and any other party in interest in the chapter 11 case, whether or not the Claim or Interest of such creditor, Interest holder or other party in interest is impaired under the Plan and whether or not such creditor, Interest holder or other party in interest has filed, or is deemed to have filed, a proof of Claim or Interest or has accepted or is deemed to have accepted, or has rejected or is deemed to have rejected, the Plan

17.      In the event of any inconsistency between the Plan and this Order, the terms and provisions of this Order shall fully govern.

18.     The Debtor and the Disbursing Agent are hereby authorized to take any and all actions, and execute and deliver any and all instruments and documents that it deems necessary and appropriate to effect and consummate the Plan and carry out this Order.

19.     All actions contemplated by the Plan and authorized by this Order shall be deemed authorized and approved in all respects (subject to the provisions of the Plan) in accordance with all applicable non-bankruptcy laws, including, without limitation, federal and state tax law, securities and corporation laws, and having the same effect of such authorizations and approvals under such laws, without any requirement of further action by the Board of Directors of the Debtor.

20.     This Order is a judgment for purposes of Fed. R. Civ. P. 58 as incorporated into the Bankruptcy Code by Bankruptcy Rule 9021. The period in which an appeal must be filed shall commence immediately upon the entry of this Order on the docket of the chapter 11 Case maintained by the clerk of the Court. Notwithstanding Bankruptcy Rules 7062 or 3020(e), this Order shall be effective and enforceable immediately upon entry, and the 14-day stay provided for under Rule 3020(e) of the Federal Rules of Bankruptcy Procedure shall not be applicable.

21.     This Court hereby retains jurisdiction pursuant to and for the purposes of Sections 105, 1127 and 1142 of the Code and provided in Article XIV of the Plan, and for such other purposes as may be necessary and useful to aid in the confirmation, consummation and implementation of the Plan.

**Dated: March 18, 2015**
**Brooklyn, New York**

**Nancy Hershey Lord**
**United States Bankruptcy Judge**