DELBELLO DONNELLAN
WEINGARTEN WISE & WIEDERKEHR, LLP
Counsel for the Debtor
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

SHIROKIA DEVELOPMENT LLC,                    Chapter 11
                                             Case No. 14-44373 (NHL)
                    Debtor.
-----------------------------------------------------------------X

**MOTION FOR AN ORDER (I) DIRECTING THE OCCUPANTS IN POSSESSION OF THE DEBTOR'S REAL PROPETY TO PROVIDE ACCESS TO BESEN & ASSOCIATES AND ACCOMPANYING PARTIES TO SHOW THE PROPERTY PURSUANT TO 11 U.S.C. § 105(a) IN FURTHERANCE OF THIS COURT'S ORDER APPROVING THE DEBTOR'S RETENTION OF BESEN & ASSOCIATES AS REAL ESTATE BROKER TO THE DEBTOR SO ORDERED ON MARCH 11, 2015 AND THE CONFIRMATION ORDER ENTERED ON MARCH 18, 2015; AND (II) AMENDING THE CONFIRMATION ORDER ENTERED ON MARCH 18, 2015 AND DEBTOR'S SECOND AMENDED PLAN OF REORGANIZATION TO EXTEND THE TIME TO COMPLETE A REFINANCE OR PRIVATE SALE AND ADJOURNING THE PUBLIC <u>AUCTION TO A DATE TO BE DETERMINED PURSUANT TO 11 U.S.C. § 105(a)</u>**

**TO:    HONORABLE NANCY H. LORD
        UNITED STATES BANKRUPTCY JUDGE**

The above-captioned debtor and debtor-in-possession, Shirokia Development LLC (the "<u>Debtor</u>") files this Motion (the "<u>Motion</u>") for an Order (I) Directing the Occupants in Possession of the Debtor's Real Property to Provide Access to Besen & Associates and Accompanying Parties to Show the Property Pursuant to 11 U.S.C. § 105(a) in Furtherance of This Court's Order Approving the Debtor's Retention of Besen & Associates as Real Estate

1

Broker to the Debtor So-Ordered on March 11, 2015 and the Confirmation Order Entered on March 18, 2015; and (II) Amending the Confirmation Order Entered on March 18, 2015 and Debtor's Second Amended Plan of Reorganization to Extend the Time to Complete a Refinance or Private Sale from April 1, 2015 to a Date to be Determined and Adjourning the Public Auction Scheduled on April 2, 2015 at 10:00 a.m. to a Date to be Determined. In support of its Motion, the Debtor respectfully alleges as follows:

## Jurisdiction

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (E), (L), (M) and (O). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for relief requested herein is § 105 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., as amended (the "Bankruptcy Code") and Rule 7070 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

3. On August 12, 2014 (the "Filing Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of its property and the management of its financial affairs as debtor-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, with the exception that the Debtor has consent to a pre-petition Receiver continuing to oversee the operations of the Debtor's real property and resulting bank accounts. No trustee, examiner or statutory committee has been appointed.

4. The Debtor is the Sponsor and Selling Agent for a building known as Shirokia Tower, located at 142-28 38th Avenue, Flushing, NY 11354, consisting of 23 non-regulated

residential units, 4 commercial units and 47 parking spaces (the "Property"). The Debtor is a single asset real estate business as defined in 11 U.S.C. §101(51B).

5. On March 11, 2015, the Court authorized the Debtor's retention of Besen & Associates to serve as real estate broker for the Property. The Court So-Ordered an Exclusive Right to Sell Agreement and Rider between the parties (the "Retention Order"). A copy of the Retention Order is annexed as **Exhibit A.**

6. On March 18, 2015, the Court entered an order confirming the Debtor's Plan of Reorganization (the "Confirmation Order"). Pursuant to the Confirmation Order and Plan, Besen & Associates is required to market and show the Property to potential purchasers and refinancers, including the principals of the Debtor. The Confirmation Order provides that April 1, 2015 is the deadline for a private sale or refinance. If there is no sale or refinance by April 1, 2015, then on April 2, 2015 at 10:00 a.m. the Property will be sold at a public auction, subject to approval at a Sale Hearing before the Court later that day. A copy of the Confirmation Order is annexed as **Exhibit B.**

7. Since March 11, 2015, Greg Corbin of Besen & Associates has been denied access to a significant portion of the Property consisting of a mezzanine and second floor known as the Community Room. The Community Room is an extremely important commercial space that is essential for potential purchasers of the Property to view in order to properly consider making an offer to purchase the Property.

8. Mr. Corbin has undertaken extensive marketing efforts and has numerous appointments to view the Property. He has walked many groups of potential purchasers through the building, but to date his attempts to show the mezzanine and second floor Community Room

have been belligerently thwarted by a gentleman who has absolutely refused to allow anyone into the premises, stating "show me a court order".

9.     Upon information and belief, the person barring access to the Property was a principal of the former corporate tenant, Jin Hui, Inc.

10.    Jin Hui, Inc. had a written lease agreement between Craig Zim as Receiver and Jin Hui, Inc. as Tenant for a one year term commencing March 1, 2012 and ending February 28, 2013 for Units 2-A, 2-B and 2-C in the Building for use as a medical office space and community center (the "Premises") at the rental rate of $13,000 per month plus common charges of $2,375 per month real estate taxes. A copy of the expired lease is annexed as **Exhibit C.**

11.    On February 25, 2015, after a status conference before this Court, the Debtor's principal advised the Receiver that she believed the Premises was still operating as a medical office or adult day care because she could see from the outside of the building that the light had been left on for several days. She also told the Receiver that she sees people coming and going from the building (which she has no access to) who are presumably going to the Premises. The Receiver indicated that the occupant of the Premises medical office / community room had been evicted and to his knowledge there were no tenants in the Property and he had not received rent for a substantial period of time.

12.    The Receiver further explained that there had been a leak in the Premises years ago. The Receiver said he offered a rent abatement to the occupant of the Premises, but instead the occupant stopped paying rent in or about February 2013 and neither Jin Hui Inc, the former tenant, nor it is principal, nor anyone else has paid rent in approximately 2 years.

13.    The Receiver has prepared a holdover predicate notice and is preparing a holdover

petition seeking eviction. Unfortunately, with the tight time schedule in this case, the Receiver's efforts will not ensure access to the Premises to Besen & Associates and potential purchasers to view a very important area of the Property prior to the public auction.

14. Besen and Associates was given a very short time, from March 11, 2015 until April 1, 2015 to market the Property – only 21 days. As a result of being barred from the Premises, the time to fully show the Property has been reduced to only 7 days.

15. Soon after a conference call with the Court today, counsel for 38 ARA and the managing agent called Debtor's counsel advising that starting tomorrow the occupant will grant access to anyone except the Debtor's principal. Besen & Associates will make efforts tomorrow to fully show the Property to potential purchasers.

16. However, even if the former tenant does indeed grant access to Besen & Associates as *suddenly* promised by 38 ARA and the Receiver's managing agent, the Debtor asserts that this cooperation is too little too late. Reducing the time to show the property from 21 days to 7 days (even assuming access is granted tomorrow) simply does not allow sufficient time for a commercially reasonable marketing process and sale.

## Relief Requested

### Order Directing Access

17. The Debtor seeks an order pursuant to the Court's inherent power to enforce its orders and 11 U.S.C. § 105(a), directing the occupant of the Premises including Jin Hui, Inc., its principals, agents, successors and employees, and any other person or entity in possession of the Premises to grant access to Besen & Associates and those accompanying them to view the Premises in furtherance of a potential private sale, refinance or auction bid.

18. The relief sought is in furtherance of this Court's Retention Order. Barring access to the Premises, a significant portion of the commercial space in the Property consisting of two floors, is tantamount to prohibiting Besen & Associates from doing the job it is retained to do pursuant to its Exclusive Sales Agreement.

19. The relief sought is also in furtherance of the Confirmation Order. Barring access to the Premises is in direct contradiction to the marketing process contemplated therein and the Bidding Procedures.

**<u>Order Amending the Confirmation Order and Plan of Reorganization</u>**

20. The Debtor seeks an order amending the Confirmation Order and Plan of Reorganization to the extent of extending the deadline to complete a private sale or refinance and adjourning the public auction to a date to be determined by the Court.

21. The unanticipated (at least by the Debtor) inability of Besen & Associates to access the Premises to show and market the entire Property to interested purchasers has reduced the time to show the Property from 21 days to just 7 days.

22. Seven days is not a sufficient period of time to undertake a commercially reasonable marketing and sale of the Property. Even if the sudden reversal of the tenant's position (according to the Receiver's managing agent immediately after the parties' conference with the Court) comes true tomorrow and access is granted, it is quite simply too little too late.

23. The Debtor requires more time to allow Besen & Associates to undertake a proper and commercially reasonable marketing and sale of the Property.

**WHEREFORE**, the Debtor prays for an Order of this Court (I) Directing the Occupants in Possession of the Debtor's Real Property to Provide Access to Besen & Associates and Accompanying Parties to Show the Property Pursuant to 11 U.S.C. § 105(a) in Furtherance of This Court's Order Approving the Debtor's Retention of Besen & Associates as Real Estate Broker to the Debtor So-Ordered on March 11, 2015 and the Confirmation Order Entered on March 18, 2015; and (II) Amending the Confirmation Order Entered on March 18, 2015 and Debtor's Second Amended Plan of Reorganization to Extend the Time to Complete a Refinance or Private Sale and Adjourning the Public Auction to a Date to be Determined by the Court, together with such other and further relief as appears just to this Court.

Dated: White Plains, New York
       March 25, 2015

                                  DELBELLO DONNELLAN WEINGARTEN
                                  WISE & WEIDERKEHR, LLP
                                  Attorneys for the Debtor
                                  One North Lexington Avenue, 11th Floor
                                  White Plains, New York 10601
                                  (914) 681-0200

                                  By: */s/ Dawn Kirby*
                                        Dawn Kirby